**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal District Review Board, Appellants,**

v.

**CONSOLIDATED CAPITAL PROPERTIES IV, Appellee.**

**No. 07–89–0063–CV.**

Court of Appeals of Texas, Amarillo.

Aug. 16, 1990.

Rehearing Overruled Sept. 11, 1990.

Olson & Olson, Kenneth Wall, Houston, for appellants.

Jeffrey A. Shadwick, Houston, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

The Harris County Appraisal District and the Harris County Appraisal District Appraisal Review Board appeal from the trial court's judgment rendered in favor of Consolidated Capital Properties IV. By the judgment, the trial court overruled the appellant's motion to dismiss the appellee's action for failure to comply with section 42.08(b)[1] of the Texas Property Tax Code, and set the appraised value on appellee's property at $4,800,000.00 for 1986 ad valorem tax purposes and ordered compliance with section 42.41 of the Texas Property Tax Code. By one point of error, the appellants claim the trial court erred by overruling their motion to dismiss for noncompliance with section 42.08. Reversed and rendered.

■ The appellants contend that the trial court should have granted their motion and dismissed appellee's action for noncompliance with section 42.08, because as the parties stipulated the appellee had not paid the tax amount before the delinquency date. In that regard the stipulation shows that the delinquency date was February 2, 1986, and the appellee paid the tax amount on April 27, 1987, which was some two and one-half months after the delinquency date.

The appellants assert that under section 42.08 the failure to pay before the delinquency date results in forfeiture of the right to proceed to a final determination of the pending action. This makes the pending action subject to dismissal on motion of the taxing authority.

Sections 42.08(b) and (c), in effect at the time of this action, provided in pertinent part:

(b) *A property owner who appeals* as provided by this chapter *must pay the tax due* on the amount of value of the property involved in the pending action that is not in dispute or the amount of tax paid on the property in the preceding year, whichever is greater, but not to exceed the amount of tax that would be due under the order from which the pending appeal was taken, *before the delinquency date or he forfeits his right to proceed to a final determination of the pending action.*

(c) Upon the motion of a party, the court shall hold a hearing to review and determine compliance with this section. If the court determines that the property owner *has not substantially complied* with this section, the court *shall* dismiss the pending action.... (emphasis added)

Tex.Tax Code Ann. § 42.08(b) and (c) (Vernon Supp.1989).

The appellee contends that the trial court correctly refused to dismiss its action and determined that appellee had substantially complied with section 42.08 even though it paid the tax amount some two and one-half months after the delinquency date. In that regard, appellee argues that since section 42.08 was amended in 1985 by deleting the last sentence in former section 42.08(b) and adding 42.08(c) to require only substantial performance, appellee is not required to pay before the delinquency date.

Before the 1985 amendment section 42.-08(b) read:

(b) A property owner who appeals as provided by this chapter must pay the tax due on the amount of value of the property involved in the pending action that is not in dispute or the amount of tax paid on the property in the preceding year, whichever is greater, before the delinquency date or he forfeits his right to proceed to a final determination of the pending action. In that event, the reviewing court on its own motion or on the motion of an opposing party shall dismiss the pending action.

The 1985 amendment did at least three things. First, the amendment placed a cap on the amount payable before the taxpayer could bring the action by adding after the phrase "whichever is greater" the clause "but not to exceed the amount of tax that would be due under the order from which the pending appeal was taken,...." Next, the amendment deleted the last sentence

1. All references are to the Texas Property Tax Code.

which read: "In that event, the reviewing court on its own motion or on the motion of an opposing party shall dismiss the pending action." This amendment deleted the court's authority to dismiss the action on the court's own motion. Lastly, the amendment added subsection (c) which provides for a hearing to determine substantial compliance with the section.

In construing section 42.08 as amended, we conclude the court's authority to dismiss an action for noncompliance with the mandatory time requirement in section 42.08(b) is not diminished by the deletion of the last sentence from former section 42.-08(b) and the addition of subsection (c). The mandatory time requirement was not changed by the amendment. Section 42.-08(b) mandatorily requires the taxpayer to pay one of the stated amounts before the delinquency date or forfeit his right to proceed to a final determination of the pending action. *Graham v. Hutchinson Cty. Appraisal Bd.*, 776 S.W.2d 592, 593 (Tex.App.—Amarillo 1988, writ denied). In statutory construction, it is assumed that the ordinary meaning of the words used expresses the legislative intent. *Inwood North Homeowners Ass'n. Inc. v. Meier*, 625 S.W.2d 742, 743 (Tex.App.—Houston [1st Dist.] 1981, no writ). The ordinary meaning of "shall" or "must" is a mandatory effect. *Id. See also State Board of Insurance v. Betts*, 158 Tex. 612, 315 S.W.2d 279 (1958). Particularly, "must" is given a mandatory meaning when followed by a noncompliance penalty such as forfeiture.

We conclude that the substantial compliance provision of subsection (c) only relates to the payment requirements of subsection (b). The trial court can easily and reasonably determine substantial compliance as to the amount of payment. *See Mo. Pac. R. Co. v. Dallas Cty. App. Dist.*, 732 S.W.2d 717 (Tex.App.—Dallas 1987, no writ). In the *Mo. Pac. R. Co.* case a mathematical calculation and not timely payment was the issue for substantial compliance review. A mandatory time requirement is not reasonably susceptible to substantial compliance review. In the instant case, payment was not made on time. Either the

time requirement is complied with or it is not. We are not persuaded that paying after the tax delinquency deadline is substantial compliance because any forgiveness will eventually lead to a complete obliteration of the time requirement.

We have been directed to *Harris Cty. Appraisal v. Krupp Realty*, 787 S.W.2d 513 (Tex.App.—Houston [1st Dist.] 1990, no writ) where the court determined that a late payment made some two and one-half months after the delinquency date was substantial compliance with the time requirement of section 42.08(b). We simply do not agree with that determination. In reaching the determination in *Harris Cty. Appraisal*, the court applied a "no harm" analysis. However, we find nothing in the statute directing a "no harm" analysis for compliance with the time requirement.

Consequently, we sustain appellant's point of error. Accordingly, the trial court's judgment is reversed and judgment is hereby rendered that Consolidated Capital Properties IV's action against Harris County Appraisal District and Harris County Appraisal District Review Board be and the same is hereby dismissed.