**FILMSTRIPS AND SLIDES, INC., Appellant,**

v.

**DALLAS CENTRAL APPRAISAL DISTRICT and Appraisal Review Board, Appellees.**

No. 05–90–00750–CV.

Court of Appeals of Texas, Dallas.

Feb. 28, 1991.

---

Joe Putnam, Irving, for appellant.

Mike M. Tabor and Jerry D. Mason, Dallas, for appellees.

Before WHITHAM, LAGARDE and KINKEADE, JJ.

## OPINION

WHITHAM, Justice.

Appellant, Filmstrips and Slides, Inc., brought this action in the district court to appeal the determination of the appraised value of Filmstrips's property for the 1989 tax year. Appellees, Dallas Central Appraisal District and Appraisal Review Board of Dallas County, moved the trial court to dismiss Filmstrips's suit on the ground that Filmstrips failed to pay its taxes on the property pursuant to the Texas Tax Code, section 42.08, that is, before the February 1, 1990 delinquency date. The trial court granted the appraisal authorities' motion and dismissed. Two issues are presented: first, whether the property owner must pay taxes before the delinquency date or forfeit its right to appeal; and second, whether section 42.08 is unconstitutional under the open courts provision of the Texas Constitution, Article I, section 13. We decide both issues against Filmstrips. Accordingly, we affirm.

■ In its first point of error, Filmstrips contends that the trial court erred in dismissing its suit pursuant to section 42.08 because Filmstrips should have been given the opportunity to cure its delinquency before dismissal. The applicable statute reads:

(b) A property owner who appeals as provided by this chapter *must pay taxes* on the property subject to the appeal in the amount required by this subsection *before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal....*

\*   \*   \*   \*   \*   \*

(d) On the motion of a party, the court shall hold a hearing to review and determine compliance with this section. *If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action.* If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

TEX.TAX CODE ANN. § 42.08 (Vernon Supp. 1991) (emphasis added). Filmstrips concedes that it paid no taxes due prior to the statutory delinquency date of February 1, 1990. Filmstrips admits that those taxes remain completely unpaid. Therefore, the present case is not a case where a taxpayer has paid some taxes on the property prior to the delinquency date and the question presented is whether that payment constitutes substantial compliance. In the present case, Filmstrips failed to pay any taxes on the property. Hence, we conclude that Filmstrips violated the provisions of section 42.08. We conclude further that the trial court's dismissal of Filmstrips's suit under the requirements of that statute was proper.

We reach this conclusion because it is undisputed that the taxpayer has not substantially complied. Thus, under the statute, the trial court shall dismiss the pending action. We reason that in statutory construction, it is assumed that the ordinary meaning of the words used expresses the legislative intent. *Harris County Appraisal Dist. v. Consolidated Capital*, 795 S.W.2d 39, 41 (Tex.App.—Amarillo 1990, writ denied). The ordinary meaning of "shall" or "must" is a mandatory effect. *Consolidated Capital*, 795 S.W.2d at 41. Particularly, "must" is given a mandatory

meaning when followed by a noncompliance penalty such as forfeiture. *Consolidated Capital,* 795 S.W.2d at 41. In the present case, Filmstrips "must" pay before February 1, 1990, or "forfeit" the appeal. In the present case, payment was not made on time. Either the time requirement is complied with or it is not. *See Consolidated Capital,* 795 S.W.2d at 41. Here, as in *Consolidated Capital,* we are not persuaded that paying after the tax delinquency deadline will suffice because any forgiveness will eventually lead to a complete obliteration of the time requirement. *See Consolidated Capital,* 795 S.W.2d at 41. It follows that "must pay taxes on the property ... before the delinquency date" is mandatory. It follows that "the court shall dismiss the pending action" is mandatory. Thus, we conclude that Filmstrips should not have been given the opportunity to cure its delinquency before dismissal. We conclude further, therefore, that the trial court did not err in dismissing Filmstrips's suit pursuant to section 42.08. We overrule Filmstrips's first point of error.

In its second point of error, Filmstrips contends that section 42.08 is unconstitutional to the extent that it requires a forfeiture of a property owner's right to pursue his legal remedy of appeal without an opportunity to cure his delinquency prior to final hearing. Filmstrips insists that, if applied literally, section 42.08 violates Article I, section 13 of the Texas Constitution. We disagree. In analyzing the litigant's right to redress under Article I, section 13, we first note that the litigant has two criteria to satisfy. First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983). Thus, an aggrieved litigant must show that a cognizable common law cause of action is being restricted. *McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 924 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (en banc). In the present case, Filmstrips does not assert a cognizable common law cause of action

against the appraisal authorities. Instead, Filmstrips brought a statutorily devised action designed to afford a dissatisfied taxpayer access to the courts. Hence, Filmstrips failed to meet the first criterion. We conclude, therefore, that Filmstrips has no right of redress under Article I, section 13 of the Texas Constitution under the facts. We reach this conclusion because section 42.08 is not unconstitutional under the open court's provision of Article I, section 13 of the Texas Constitution to the extent that section 42.08 requires a forfeiture of a property owner's right to pursue his legal remedy of appeal without an opportunity to cure his delinquency prior to final hearing. We overrule Filmstrips's second point of error.

Affirmed.