**H. Roger LAWLER, Appellant,**

v.

**TARRANT APPRAISAL DISTRICT and Tarrant Appraisal Review Board, Appellees.**

**No. 2–92–160–CV.**

Court of Appeals of Texas, Fort Worth.

June 8, 1993.

Grace Forderhase, Kerry & Forderhase, Fort Worth, for appellant.

Catherine Jane Alder, Fort Worth, for appellees.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

HICKS, Justice.

This is an appeal from an action of the trial court which dismissed a lawsuit filed by Roger Lawler against the Tarrant Appraisal District from a denial of his application for special agricultural land use on property he owned in Tarrant County.

We affirm.

The facts of this case are as follows: Appellant owned four pieces of farmland in Arlington, Texas. Appellant acquired these lands in the years 1966 through 1972. They have always been used for agricultural purposes.

On January 1, 1976, appellant, individually, as well as his business entities, were forced into involuntary bankruptcy in Dal-las. By 1984, all the properties were reconveyed to appellant "as of" May 1982. During this period, appellant continued his same farming activities which included growing hay and pasturage.

Then appellant discovered that the Tarrant Appraisal District (TAD) had not used the 1–d–1 open space agricultural status and evaluation of these properties when they computed his 1991 tax bill. On April 27, 1991, appellant reapplied for a 1–d–1 appraisal which was denied. Even a September 11, 1991 appearance before the TAD board did not lead to TAD's granting of appellant's application for special agricultural use for these properties.

Appellant then filed petitions on each of his four properties for review in district court and asked for a trial de novo on TAD's refusal to grant him a 1–d–1 open space valuation.

TAD and Tarrant Appraisal Review Board, as defendants in the lawsuit, filed a plea to the jurisdiction in the district court and a motion alleging that appellant's lawsuit should be dismissed because of his failure to exhaust all administrative remedies. They specifically alleged that he had not paid the greater amount of either the taxes due on the taxable portion of the property not in dispute or the amount of taxes levied on the property in the preceding year.

Appellant argued that the 1991 taxes TAD alleged he owed were based on taxable value of land at market value and not at 1–d–1 open space land agriculture. Appellant stated that he was prepared to pay the 1991 taxes based on the 1–d–1 agricultural use land value.

The trial court held that it was without subject matter jurisdiction because appellant did not comply with section 42.08 of the Tax Code. See TEX.TAX CODE ANN. § 42.08 (Vernon 1992). Appellant's lawsuit was dismissed.

From that dismissal, appellant alleges four points of error. In point of error one, appellant alleges the trial court erred in granting his plea to the jurisdiction and dismissing the cause of action for his fail-

ure to comply with section 42.08 because he was required to pay the wrong amount. Appellant alleges that TAD had previously allowed the 1–d–1 valuation and the valuation had not been changed in accordance with the tax code requirements.

Section 42.08(b) of the Tax Code reads as follows:

(b) A property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is:

(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater; or

(2) the amount of taxes due on the property under the order from which the appeal is taken.

TEX.TAX CODE ANN. § 42.08(b)(1) & (2) (Vernon 1992).

Appellant alleges he made timely applications for open space agricultural land special appraisal and valuation of the property beginning in 1981. TAD accepted this appraisal under section 23.54(e) of the Tax Code. TEX.TAX CODE ANN. § 23.54(e) (Vernon 1992). Once an application is filed and the appraisal is allowed, the land is eligible for appraisal under this subchapter in subsequent years without the submission of a new application. Appellant alleges that TAD's failure to accept his 1–d–1 open space valuation for 1991 has resulted in a higher, incorrect appraisal. Appellant also alleges that he received no notice from TAD as to the new appraisal.

It is clear that under section 42.08 of the Tax Code an individual must still follow the procedures established. Compliance with this statute is a jurisdictional prerequisite to district court's subject matter jurisdiction to determine property own-

er's rights. *See Filmstrips & Slides, Inc. v. Dallas Central Appraisal Dist.*, 806 S.W.2d 289, 290–91 (Tex.App.—Dallas 1991, no writ) (district court lacked jurisdiction when taxpayer failed to pay any property taxes prior to delinquency as required by section 42.08 of the Tax Code); *see also Webb County Appraisal Dist. v. New Laredo Hotel*, 792 S.W.2d 952, 955 (Tex.1990) (district court was without jurisdiction when taxpayer failed to comply with administrative procedures of the Tax Code by attending protest hearing before county review board); *Grand Prairie Hosp. v. Tarrant Appraisal Dist.*, 707 S.W.2d 281, 284 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.) (because taxpayer failed to establish it was exempt as a matter of law from payment of property taxes, taxpayer was required to exhaust its administrative remedies before seeking judicial review and district court properly dismissed for want of jurisdiction). Under section 42.08, one must pay the taxes in the manner prescribed or forfeit the right to proceed to a final determination of the appeal. Section 42.08(d) also states that if the court determines the property owner has not substantially complied with this section "the court shall dismiss the pending action." TEX.TAX CODE ANN. § 42.08(d) (Vernon 1992).

In the instant case, appellant was in total noncompliance with section 42.08. The record reflects that by February 1, 1992, which was the delinquency date, appellant had paid absolutely nothing. Appellant claimed he was "ready, willing and able to pay the 1991 taxes based on the 1–d–1 agricultural use land value" but he did not even tender these amounts. Point of error one is overruled.

In point of error two, appellant alleges the trial court erred in granting appellees' plea to the jurisdiction and dismissing the cause with prejudice because the amount of taxes for the preceding year was erroneously based on a purported change in 1987 of the land appraisal and valuation from 1–d–1 open space agricultural to a different appraisal and resulted in higher valuation when appellant had never received any notice that a new application for appraisal

under 1–d–1 was required of him for the parcel of land represented by TAD account number 03837165.

■ We are not required to determine whether under section 23.54(e) appellant received notice. Even if there was not 23.54(e) notice, appellant would not in anyway be excused from complying with section 42.08. Appellant must still comply with section 42.08 to avail himself of the district court's jurisdiction. In this manner, the property owner can dispute or rebut TAD's allegations. However, you do not get to that point unless you comply with the direct mandate of section 42.08. Thus, point of error two is overruled.

■ In point of error three, appellant argues the trial court erred in granting appellees' plea to the jurisdiction and dismissing his lawsuit with prejudice because appellees were precluded from discontinuing the special appraisal and valuation of open space land which had been allowed on the subject properties because all such properties were under the exclusive jurisdiction of the U.S. Bankruptcy Court and subject to such court's statutory stay and orders.

According to the bankruptcy court's approval order of June 14, 1985, appellant has had full authority and responsibility to handle all matters relating to this land. In fact, the order specifically states that appellant "shall continue to be ... responsible for ... state tax matters." Clearly, appellant and his properties were not under the jurisdiction of the bankruptcy court. Point of error three is overruled.

■ In point of error four, appellant alleges the trial court erred in granting appellees' plea to the jurisdiction and dismissing this cause with prejudice because such action deprived him of his right to due process and equal protection under Texas Constitution article 1, section 13, in that the appellant is denied access to the courts for failure to pay the higher taxes sought to be imposed when the uncontradicted evidence before the trial court was that the amount of such tax was unlawfully assessed and he lacked the financial ability to pay.

Appellant argues that he received no notice under section 23.54(e). He argues that there "was no notice, no protest, and thus no due process." In reviewing this record, we learn that there was no evidence in the trial court of either the amount of taxes due or any evidence about appellant's inability to pay.

Appellant argues that under the analysis of *Sax v. Votteler*, 648 S.W.2d 661 (Tex. 1983), section 42.08 renders the tax payment requirement violative of the open courts provision of article I, section 13 of the Texas Constitution. However, in *Filmstrips*, 806 S.W.2d at 291, the court held that section 42.08 does not violate the open courts provision. *Id.* Moreover, under the holding in *Sax*, appellant would have no cognizable common law cause of action. *See Sax*, 648 S.W.2d at 664–65; *see also Filmstrips*, 806 S.W.2d at 291.

Appellant did not avail himself of the procedure established under section 42.08. He did not substantially comply with any part of the law. In fact, he paid absolutely nothing. The trial court was required to dismiss his action. Accordingly, we affirm the action of the trial court which cannot act without jurisdiction to do so.