**W.V. GRANT EVANGELISTIC
ASSOCIATION, INC.,**
Appellant,

v.

**DALLAS CENTRAL APPRAISAL
DISTRICT, Appellee.**

No. 05–94–01156–CV.

Court of Appeals of Texas,
Dallas.

March 31, 1995.

John Brusniak, Jr., Brusniak & Clement, P.C., Dallas, Dennis G. Brewer, Sr., Irving, for appellant.

Peter G. Smith, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, for appellee.

Before BAKER, MALONEY and MILLER [1], JJ.

## OPINION

MILLER, Justice.

W.V. Grant Evangelistic Association, Inc. appeals from an order of dismissal in an ad valorem tax case in favor of Dallas Central Appraisal District (the Appraisal District). In five points of error, appellant contends the trial court erred in upholding the constitutionality of section 42.08 of the Texas Property Tax Code. We agree the forfeiture clause of section 42.08 is an unreasonable restriction on access to the courts and is therefore unconstitutional under the Texas Constitution.

## FACTS

Grant owned real and personal property located within the Dallas Central Appraisal District. Grant filed an application for exemption as a religious organization under section 11.20 of the Texas Property Tax Code. The Appraisal District denied Grant's exemption application. Grant filed a protest with the Appraisal Review Board protesting the denial of the religious organization exemption and the appraised tax value. After a hearing, the Review Board denied the protests and issued Orders of Determination.

Grant filed suit in district court seeking judicial review of the Appraisal Review Board's order. The Appraisal District filed a motion to dismiss for failure to comply with the prepayment requirements of section 42.08. In response, Grant filed an amended petition contending section 42.08 is an unreasonable restriction on access to the courts and is therefore unconstitutional. Following a hearing, the trial court upheld the constitutionality of section 42.08. Accordingly, the trial court dismissed Grant's lawsuit because Grant did not comply with section 42.08.

## APPLICABLE LAW

The trial court dismissed Grant's petition on the sole ground that Grant failed to make the "tax tender" required by the Texas Prop-

erty Tax Code. Section 42.08 requires the taxpayer to pay either the amount of taxes assessed or the greater of (i) the amount of taxes not in dispute, or (ii) the amount of taxes imposed in the preceding year. TEX. TAX CODE ANN. § 42.08(b) (Vernon 1992). Failure to meet the payment requirements results in forfeiture of the taxpayer's right to appeal. TEX.TAX CODE ANN. § 42.08(b) (Vernon 1992).

█ The prepayment requirement of section 42.08 is intended to (i) insure the taxpayer will not use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax, and (ii) assure that the activities of local government that rely on ad valorem taxes to operate will not be unduly impeded by granting the property owner the right to judicial review. *Missouri Pac. R.R. v. Dallas County Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex.App.—Dallas 1987, no writ).

█ The Texas Constitution provides in part "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This "open courts" provision contains three separate constitutional guarantees: (1) courts must actually be open and operating; (2) the legislature cannot impede access to the courts through unreasonable financial barriers; and (3) meaningful remedies must be afforded so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigant's constitutional right of redress. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 448 (Tex.1993).

█ Because access to the courts is a substantial right, the open courts provision guarantees access to the courts unimpeded by unreasonable financial barriers. *LeCroy v. Hanlon*, 713 S.W.2d 335, 341 (Tex.1986). To determine if an unreasonable financial barrier to access to the courts is posed, the

1. The Honorable Chuck Miller, Judge, Texas Court of Criminal Appeals, Retired, sitting by

assignment.

issue is whether the prepayment requirement is unreasonable in light of the state interest involved. *See Texas Ass'n of Business,* 852 S.W.2d at 449. The government has the burden to show the legislative purpose outweighs the interference with the individual's right of access. *LeCroy,* 713 S.W.2d at 341. It is not enough for the State to justify a prepayment requirement simply by asserting the government needs quick access to the funds. *State v. Flag–Redfern Oil Co.,* 852 S.W.2d 480, 485 (Tex.1993). If a less restrictive means to further the governmental interest is available, then forfeiture of the right of judicial review for failure to meet prepayment provisions is an unreasonable financial barrier. *See Texas Ass'n of Business,* 852 S.W.2d at 450.

## APPLICATION

Appellee's argument in support of the trial court's ruling is based on *Filmstrips & Slides, Inc. v. Dallas Central Appraisal District,* 806 S.W.2d 289, 291 (Tex.App.—Dallas 1991, no writ) and *Lawler v. Tarrant Appraisal District,* 855 S.W.2d 269, 272 (Tex. App.—Fort Worth 1993, no writ). In *Filmstrips* and *Lawler,* as here, the taxpayers challenged the constitutionality of the prepayment provision of section 42.08. Although the issue is the same, the legal conclusions are different and the cases are distinguishable. *Filmstrips* and *Lawler* consider only one of the three constitutional guarantees provided by article one, section thirteen of the Texas Constitution. *Filmstrips* and *Lawler* consider the constitutional guarantee that the legislature must afford meaningful remedies to citizens so that legislation does not abrogate the right to assert well-established common law causes of action unless the reason for such abrogation outweighs the litigants' constitutional right of redress. *See Lawler,* 855 S.W.2d at 272; *Filmstrips,* 806 S.W.2d at 291. This appeal involves the legislature impeding access to the courts through unreasonable financial barriers, a separate and distinct guarantee of the open courts provision. *See Texas Ass'n of Business,* 852 S.W.2d at 448.

Like the prepayment provision addressed in *Texas Ass'n of Business,* the prepayment provision of section 42.08 consists of two elements. *See Texas Ass'n of Business,* 852 S.W.2d at 449. First, the taxpayer must pay either the amount of taxes assessed or the greater of (i) the amount of taxes not in dispute, or (ii) the amount of taxes imposed in the preceding year. TEX.TAX CODE ANN. § 42.08(b) (Vernon 1992). Second, failure to meet the payment requirements results in forfeiture of the taxpayer's right to appeal. TEX.TAX CODE ANN. § 42.08(b) (Vernon 1992).

The first of these two elements is justified by the intent behind the prepayment requirement. The prepayment requirement furthers the state's interests in assuring the activities of local government are not unduly impeded and insuring taxpayers do not use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax. Thus, there is a legitimate state interest served by requiring payment pending appeal. The legislature, however, could secure payment without forfeiting the right of appeal. The requirement of immediate payment, without the corresponding forfeiture provision, would not have implicated the open courts provision, as the taxpayer could obtain judicial review regardless of payment. *See Texas Ass'n of Business,* 852 S.W.2d at 449. Prepayment of taxes may legitimately deter frivolous protests and appeals and provide for uninterrupted activity by local governments. The forfeiture provision, however, does not meet any additional state interest. The Appraisal District defended the forfeiture provision on the basis that the prepayment provision lacks deterrent force if a taxpayer can forestall payment through protracted appeals. Less restrictive means, such as accelerated administrative proceedings and expedited court procedures, would equally further the government's interests. *See R Communications, Inc. v. Sharp,* 875 S.W.2d 314, 317 (Tex.1994). Taxing units may proceed with collection efforts regardless of pending appeals. Thus, the goals of section 42.08 can be accomplished by the prepayment provision alone. Because less restrictive means are available to further the governmental interests, forfeiture of the right of judicial review for failure to meet prepayment provisions is an unreasonable fi-

nancial barrier to access to the courts. *See Texas Ass'n of Business,* 852 S.W.2d at 450.

We hold the forfeiture provision of section 42.08 of the Texas Property Tax Code facially violates the open courts provision of the Texas Constitution. We sustain points of error one through five, reverse the trial court's dismissal order, and remand for further proceedings. Accordingly, we do not address points of error six and seven. TEX. R.APP.P. 90(a).