**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**HARRIS COUNTY MUNICIPAL UTILITY DISTRICT # 130, et al., Appellees.**

No. 14–93–01046–CV.

Court of Appeals of Texas, Houston (14 Dist.).

June 1, 1995.

Paul R. Lawrence, Houston, for appellant.

Kenneth Wall, Terry G. Wiseman, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

This is a personal property ad valorem tax case originally brought by appellant, General Motors Acceptance Corporation (GMAC), challenging taxes assessed against it as owner of some personal property. The trial court granted appellees' motion to dismiss because GMAC failed to comply with section 42.08 of the property tax code. In its original brief, appellant contended in one point of error that the trial court erred in granting the motion to dismiss. In two supplemental briefs, appellant reiterated its original contention and also argued section 42.08 was unconstitutional. We affirm.

During 1991, GMAC seized numerous vehicles from Duncan–Foyt Chevrolet. As of January 1, 1992, GMAC was still in possession of these automobiles. The Harris County Appraisal District (Appraisal District) determined that GMAC was the owner of these vehicles for tax purposes and appraised the property at approximately $2.8 million. GMAC appealed the Appraisal District's determination to the Harris County Appraisal Review Board (Review Board). The Review Board upheld the Appraisal District's valuation. GMAC timely appealed the Review Board's determination to the District Court contending that it was not the owner of the vehicles. Harris County Municipal Utility District # 130 (MUD # 130) filed a motion to dismiss contending GMAC had forfeited its right to appeal because it had not paid the undisputed portion of the taxes, as required by section 42.08 of the Tax Code. The trial court granted the motion to dismiss and GMAC appealed.

■ The constitution requires the legislature to provide for a single tax appraisal of property. TEX. CONST. Art. VIII, § 18(b). By enacting the property tax code[1] the legislature has fulfilled this constitutional mandate. *Wilson v. Galveston County Cent. Ap-*

---

1. The property tax code is chapters 1 through 43 of the tax code. *See* TEX.TAX CODE ANN. § 1.01 (Vernon 1992).

*praisal Dist.,* 713 S.W.2d 98, 101 (Tex.1986). The property tax code established appraisal districts in each county and charged these districts with responsibility for appraising property within the district. The purpose of each district is to place a single value on each piece of taxed property located within the district. *See* TEX.TAX CODE ANN. § 6.01 (Vernon 1992).

Property is generally appraised for tax purposes by the appraisal district as of January 1. The appraisal district lists property and its appraised market value as of January 1. Once the appraisal is complete, the appraisal district delivers notice to the taxpayer of the property's appraised value. TEX.TAX CODE ANN. § 23.01 (Vernon 1992); *Beck & Masten Pontiac–GMC v. Harris County Appraisal Dist.,* 830 S.W.2d 291, 292 (Tex. App.—Houston [14th Dist.] 1992, writ denied). A taxpayer must file a notice of protest of the appraisal with the appraisal review board within thirty (30) days after receiving the appraisal district's notice. TEX. TAX CODE ANN. § 41.44(a) (Vernon 1992). If a notice of protest is timely filed, the appraisal review board must schedule a hearing on the protest. The property owner is entitled to an opportunity to appear and offer evidence or the property owner may offer evidence by affidavit. TEX.TAX CODE ANN. § 41.45 (Vernon 1992). A property owner may appeal the appraisal review board's determination by filing a petition for review with a district court within forty-five (45) days after the owner receives notice that a final order has been entered. TEX.TAX CODE ANN. § 42.21 (Vernon 1992). A taxpayer must complete each of the steps within the proscribed time periods in order to petition the district court for an appeal of the appraisal district's valuation. *Atascosa County Appraisal Dist. v. Tymrak,* 858 S.W.2d 335, 336 (Tex.1993).

A property owner who appeals an appraisal to the courts is also required to pay the greater of the undisputed amount of taxes or the tax imposed in the preceding year. TEX. TAX CODE ANN. § 42.08(b) (Vernon 1992).

Either party may move for the district court to hold a hearing to determine if the taxpayer has substantially complied with this provision. If the district court determines that the taxpayer has not substantially complied, "the court *shall dismiss* the pending action." On the other hand, if the district court determines that the taxpayer "has substantially, but not fully complied ..., the court *shall dismiss* the pending action" if the taxpayer does not comply within thirty days. TEX.TAX CODE ANN. § 42.08(d) (Vernon 1992); *Lawler v. Tarrant Appraisal Dist.,* 855 S.W.2d 269, 271 (Tex.App.—Fort Worth 1993, no writ).

█ The courts of appeals have consistently held that if the taxpayer does not pay any of the taxes on the property by the delinquency date, the taxpayer has not substantially complied and the appeal should be dismissed. *See Harris County Appraisal Dist. v. Bradford Realty, Ltd.,* —— S.W.2d —— [motion to publish granted], No. C14–93–01152–CV, slip op. at 8 [1994 WL 836231] (Tex.App.—Houston [14th Dist.] December 15, 1994, no writ); *Harris County Appraisal Dist. v. Dipaola Realty Assoc.,* 841 S.W.2d 487, 490 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Filmstrips & Slides, Inc. v. Dallas Cent. Appraisal Dist.,* 806 S.W.2d 289, 291 (Tex.App.—Dallas 1991, no writ); *Ferguson v. Chillicothe Indep. Sch. Dist.,* 798 S.W.2d 395, 398 (Tex.App.—Amarillo 1990, no writ); *Harris County Appraisal Dist. v. Consolidated Capital Properties IV,* 795 S.W.2d 39, 41 (Tex.App.—Amarillo 1990, writ denied).

GMAC argues that the trial court should not have dismissed this matter because this procedure "short-circuited" its cause of action. GMAC's contention is not supported by the record. MUD # 130 filed a "Motion to Dismiss Cause of Action" which was supported by an affidavit of its attorney. Both the motion and the affidavit stated GMAC had not paid either MUD # 130 or Cypress Fairbanks Independent School District (Cy–Fair ISD) any of the tax on the property. GMAC filed a response without affidavits arguing that it had substantially complied with section 42.08.[2] Each of the parties also

---

2. Excluding the formalities, the response, in its entirety, provided:

Plaintiff has met the burden required by paying the disputed taxes. Such is substantial compliance. There is no time limit imposed by the

filed an additional response. MUD # 130 sent a "Notice of Submission" to the parties to the suit. The trial court's docket sheet indicates it heard and granted the motion to dismiss.

We acknowledge that the rules of civil procedure do not explicitly provide for a "motion to dismiss." Section 42.08(d), however, provides that "on the motion of a party" the district court is to *dismiss* a pending action if the taxpayer has not substantially complied. A motion to dismiss is the pleading typically used in tax cases where a taxpayer has not substantially complied. *See, e.g., W.V. Grant Evangelistic Ass'n v. Dallas Cent. Appraisal Dist.*, 900 S.W.2d 789, No. 05–94–01156–CV, slip op. at 2 (Tex.App.—Dallas March 31, 1995, n.w.h.); *Bradford Realty*, slip op. at 2; *Lawler*, 855 S.W.2d at 270; *Dipaola Realty*, 841 S.W.2d at 488; *Filmstrips & Slides*, 806 S.W.2d at 290; *Ferguson*, 798 S.W.2d at 396; *Consolidated Capital*, 795 S.W.2d at 40; *Harris County Appraisal Dist. v. Krupp Realty Ltd. Partnership*, 787 S.W.2d 513, 514 (Tex.App.—Houston [1st Dist.] 1990, no writ).[3] *See also* 21A Jay D. Howell, *Texas Practice*, § 1169 (1988 & Supp.1994).

GMAC had an opportunity to present affidavits and evidence which controverted MUD # 130's motion. The record reflects that GMAC had not paid any of the taxing authorities until after the delinquency date. When it did finally pay, the payments were only made to avoid execution by the taxing authorities. Because GMAC failed to follow the administrative procedures of section 42.08, the trial court properly dismissed appellant's cause of action. *Bradford Realty*, slip op. at 6; *Dipaola Realty*, 841 S.W.2d at 490; *Consolidated Capital*, 795 S.W.2d at 41. GMAC's sole point of error in its original brief is overruled.

■ In its supplemental briefs, GMAC argues that section 42.08 is unconstitutional in light of the supreme court's decision in *R Communication*.[4] In its first supplemental brief, GMAC only relies on *R Communication* and a portion of Texas Jurisprudence in support of its argument.[5] In its second sup-

---

Tax Code Art. 42.08, that requires the taxes to be paid before the suit is filed. The suit has been filed, the taxes have been paid under protest and the case is now pending.
GMAC paid MUD # 130 approximately six months after the taxes became delinquent in order to avoid execution by the taxing authorities. While it is unclear, presumably, the response is referring to this delinquent payment.

3. In *Bradford Realty, Lawler*, and *Ferguson*, the taxing authorities filed pleas to the jurisdiction in addition to a motion to dismiss. A plea to the jurisdiction urges that the court lacks the power to determine the subject matter of the controversy, 2 McDonald, Texas Civil Practice § 9.11 (1992), and, if granted, requires a dismissal. *Speer v. Stover*, 685 S.W.2d 22, 23 (Tex.1985). A plea to the court's jurisdiction might be a better practice; however, a misnomer of the pleading does not render it ineffective. *Id.;* Tex.R.Civ.P. 71. *See generally*, Michol O'Connor, O'Connor's Texas Rules—Civil Trials 420 (1994).

4. In *R Communications v. Sharp*, 875 S.W.2d 314 (Tex.1994), the supreme court held section 112.108 of the Tax Code unconstitutional under the open courts provision of the Texas Constitution, article I, section 13. Section 112.108 prohibited a taxpayer from bringing a declaratory judgment action. The court determined that this ban, when coupled with the prepayment requirements of sections 112.051 and 112.101, was an unreasonable financial restriction on the taxpayer's right of access to court. *Id.* at 317–18.

5. The entirety of GMAC's argument in its first point of error in its first supplemental brief reads as follows:

In the case, *R Communications v. Sharp*, 872 [sic] S.W.2d 314, the Texas Supreme Court Opinion by Justice Dogget, without dissent declared:

... we hold that condicting [sic] a Taxpayer's right to initiate judicial review on the payment of taxes or the posting of a bond equal to twice the alleged tax obligations violates the Supreme Court's mandate of the Texas Bill of Rights. [Tex. Const. art. 1, § 13].

In the instant case, the taxing entity, MUD # 130, one of the appellees, obtained a dismissal of the instant case, predicated on this very point. Section 42.08 of the Texas Tax Code legislatively declared that judicial review of imposed tax could only be obtained if the taxes were paid first. This is the identical procedure held unconstitutional in *R Communications*.

It is the [sic] procedure that appellant requests this court to hold as unconstitutional and violative of [article 1, section 13] of the Texas Constitution. In that this procedure is unconstitutional, the law enacting such a procedure is likewise unconstitutional. Further, an unconstitutional law is void—it creates no rights or remedies. The unconstitutional mandate is simply ineffectual—it leaves the question that it purports to settle just as it was prior to its ineffectual enactment. [12A Tex.Jur. 3d *Consti-*

plemental brief, GMAC argues that the error was fundamental, and, therefore, it can raise its constitutional challenge for the first time on appeal. GMAC does not indicate in either supplemental brief how it preserved error or how *R Communication* is applicable to section 42.08.

In order to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection or motion, stating the specific grounds for the desired ruling. Tex.R.App.P. 52(a). Generally, constitutional challenges also must be presented to the trial court in order to be preserved for appeal. *Lynch v. Port of Houston Auth.*, 671 S.W.2d 954, 957 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). We have only been able to identify two exceptions to this general rule. First, a constitutional challenge may be presented for the first time on appeal if the challenge presents a fundamental error. *Pedraza v. Tibbs*, 826 S.W.2d 695, 698 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). A fundamental error only occurs "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982). Neither situation is presented here.

Second, a constitutional violation will be considered on appeal without proper preservation of error if the constitutional violation was not recognized before the case was appealed. *Jones v. Martin K. Eby Constr. Co.*, 841 S.W.2d 426, 428 (Tex.App.—Dallas 1992, writ denied). Under this "right not recognized" rule, failure to present a constitutional challenge to the trial court is excused if: 1) the claim was so novel that the basis of the claim was not reasonably available; or 2) the law was so well settled that an objection would have been futile. *Id.; see also Black v. State*, 816 S.W.2d 350, 368 (Tex.Crim.App. 1991). GMAC's complaint does not fall under either of these exceptions. When this matter was before the trial court, the supreme court had granted a writ of error on *R*

*Communication.*[6] In addition, other courts of appeals have reviewed the constitutionality of section 42.08 under the open courts provision. *See, e.g., Grant*, slip op. at 6 (finding section 42.08 unconstitutional); *Lawler*, 855 S.W.2d at 271 (finding section 42.08 constitutional); *Filmstrips & Slides*, 806 S.W.2d at 291 (also finding section 42.08 constitutional). A challenge to the constitutionality of section 42.08 is not so novel that the basis of the claim was not reasonably available.

On the other hand, the constitutionality of section 42.08 was not so well established that it would have been futile to raise the objection before the trial court. When reviewing the "procedural default rule" in *Black,* the court of criminal appeals determined that it would have been futile to make an objection at trial because the court had previously reached the same general conclusion *nine previous times. Black v. State*, 816 S.W.2d 350, 362–64 (Tex.Crim.App.1991). The opposite is true with regards to the constitutionality of section 42.08. The supreme court has never discussed the constitutionality of section 42.08 and only three courts of appeals have addressed the issue. One of those courts held the section unconstitutional while the other two determined it was constitutional. *See Grant*, slip op. at 6; *Lawler*, 855 S.W.2d at 271; *Filmstrips & Slides*, 806 S.W.2d at 291. The law with regards to the constitutionality of section 42.08 is still emerging. We find that it would not have been futile for GMAC to raise its constitutional challenge.

GMAC did not present its constitutional challenge to the trial court in either of its responses to MUD # 130's motion to dismiss. It also did not raise this contention in its original brief to this court. The record clearly indicates that this argument was not presented to the trial court as part of the motion to dismiss. Because GMAC did not present this argument to the trial court, and it does not fall within either of the exceptions to that requirement, we find that GMAC has not properly preserved its constitutional chal-

tutional Law, §§ 46–49 (1993)] and cases cited therein.

**6.** As indicated in footnote 4, *supra*, *R Communication* dealt with sections 112.051, 112.101, and

112.108 of the tax code. *R Communication* was not a direct attack on section 42.08.

lenge and overrule its first point of error in its first and second supplemental briefs.

In its supplemental briefs, GMAC further contends the motion to dismiss should not have been granted because the court's jurisdiction was invoked before the taxes became delinquent. GMAC filed suit in April 1993 and the taxes became delinquent May 1, 1993. GMAC argues that the district court acquired jurisdiction when the case was filed and that once the court acquired jurisdiction, it could not lose that jurisdiction. In *Dipaola Realty,* the First Court of Appeals dealt with a factually similar case. Dipaola Realty filed its petition in November, 1990, and the taxes became delinquent on February 1, 1991. The court determined Dipaola Realty did not comply with section 42.08 because it had failed to pay any of the taxes before the delinquency date. *Dipaola Realty,* 841 S.W.2d at 490.

GMAC's argument additionally fails to acknowledge the plain language of section 42.08. Section 42.08(b) states that a taxpayer who does not pay the amount required by the delinquency date "forfeits the right to proceed to a final determination of the appeal." TEX.PROP.CODE ANN. § 42.08(b) (Vernon 1992). A plain and natural reading of this section requires the district court to dismiss regardless of when the suit was filed if the taxpayer does not pay the required amount. We find that the trial court properly dismissed GMAC's cause, and overrule GMAC's remaining points of error in its supplemental briefs.

The judgment of the trial court is affirmed.