Pratt & Whitney v. McLennan Co. App. 










WITHDRAWN 3-20-96





IN THE
TENTH COURT OF APPEALS
 

No. 10-95-084-CV

     PRATT & WHITNEY CANADA, INC.,
                                                                                              Appellant
     v.

     McLENNAN COUNTY APPRAISAL DISTRICT, ET AL.,
                                                                                              Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 94-2829-3
                                                                                                    

O P I N I O N
                                                                                                    

      On August 8, 1994, Pratt & Whitney Canada, Inc. sued the McLennan County Appraisal
District and its Appraisal Review Board after the Board ruled in favor of the District on the
company's notice of protest. The protest concerned two Pratt & Whitney aircraft engines that the
District included in the 1994 personal property tax rolls at a taxable value of $700,000. Pratt &
Whitney protested that the engines were not subject to taxation because they were only located
"temporarily" in McLennan County while being tested. Tex. Tax Code Ann. § 11.01(c)(1)
(Vernon 1992). After Pratt & Whitney failed to pay the tax assessed against the engines by
February 1, 1995, the date when 1994 taxes became delinquent, the District and the Review Board
moved to dismiss Pratt & Whitney's suit.


 The court granted the motion on March 15 and Pratt
& Whitney appeals. We will affirm.
       On the date Pratt & Whitney filed suit, section 42.08 of the Tax Code provided:
(b) A property owner who appeals as provided by this chapter must pay taxes on the
property subject to the appeal in the amount required by this subsection before the
delinquency date or the property owner forfeits the right to proceed to a final determination
of the appeal. The amount of taxes the property owner must pay on the property before the
delinquency date to comply with this subsection is:
(1) the amount of taxes due on the portion of the taxable value of the property that
is not in dispute or the amount of taxes imposed on the property in the preceding year,
whichever is greater; or
(2) the amount of taxes due on the property under the order from which the appeal
is taken.
Id. § 42.08(b)(1)(2). 
      Pratt & Whitney first contends that it complied with subsection (b) even though it failed to pay
the tax assessed against the engines by the delinquency deadline. Its argument is constructed on
two premises: First, no tax payments were due under subsection (b)(1) because no taxes were
imposed against the property in 1993 and the engines' $700,000 taxable value was in dispute in
1994. Second, no taxes were due under subsection (b)(2) because the company was entitled to pay
the lesser of the amount due under subsection (b)(1)—"zero"—or subsection (b)(2)—$17,673. 
Consequently, Pratt & Whitney reasons, the court erred when it dismissed the suit.
      The first premise is flawed. A property owner may protest, among other things, the appraised
value of the property or the property's inclusion on the tax rolls, or both. Id. § 41.41(1), (3). 
Pratt & Whitney never protested the engines' $700,000 appraised value; it only protested the
property's inclusion on the tax rolls based on its situs. Id. § 41.42. The company made this
distinction clear at the hearing on the motion to dismiss.
      On appeal, however, Pratt & Whitney apparently assumes that by protesting the property's
inclusion in the 1994 tax rolls it automatically placed the property's taxable value in dispute. That
is not the case. Section 42.08(b)(1) clearly requires the property owner to pay "the amount of
taxes due on the portion of the taxable value of the property that is not in dispute" or "the amount
of taxes imposed on the property in the preceding year," whichever is greater. (Emphasis added). 
No taxes were imposed against the property in 1993. Thus, Pratt & Whitney had to pay the tax
due on the portion of the "taxable value" not in dispute. "Taxable value" is defined as "the
amount determined by deducting from assessed value the amount of any applicable partial
exemption." Id. § 1.04(10). Because there was no applicable partial exemption to be deducted
from the engines' assessed value, which was not in dispute, section 42.08(b)(1) required Pratt &
Whitney to pay $17,673, the tax due on the $700,000 assessed value. Of course, this is the same
amount of tax that would have been due under section 42.08(b)(2). We overrule point one.
      Pratt & Whitney next contends that it substantially complied with section 42.08 and that the
court thus erred when it dismissed the suit. The evidence is undisputed that the company did not
pay the tax due under section 42.08 until March 9, 1995, long after the February 1 deadline. As
an excuse for its delay, Pratt & Whitney asserted at the hearing on the motion to dismiss that it
never received a 1994 tax statement showing the amount of tax owed on the engines and, for that
reason, the delinquency deadline should have been postponed. Id. § 31.04(d). The District and
the Review Board, however, produced sufficient evidence to support an implied finding by the
court that Pratt & Whitney's 1994 tax statement was correctly and timely prepared, addressed, and
deposited in the U.S. first-class mail and that it was never returned undelivered. Thus, a
presumption arose that the tax statement was delivered, and the court could have reasonably
resolved the factual dispute over its delivery in the District's favor. Id. § 1.07(c).
      Section 42.08(d) allows a court to determine whether the property owner has substantially
complied with subsection (b). Id. § 42.08(d). Pratt & Whitney argues that the court should not
have dismissed the suit because, by paying the full amount of the tax assessed against the engines
prior to the hearing on the motion to dismiss—even though the tax was paid after the delinquency
deadline—it had substantially complied with section 42.08. For the reasons stated in Harris
County v. Consolidated Capital, 795 S.W.2d 39, 41 (Tex. App.—Amarillo 1990, writ denied),
we reject the contention that a mandatory deadline for paying taxes is subject to the concept of
"substantial compliance." Under our interpretation, unless the delinquency deadline is postponed
by another section of the Tax Code, the property owner must comply with section 42.08 by paying
the tax due by February 1 or he forfeits the right to proceed with his suit. We reject any holdings
to the contrary. Point two is overruled.
      The judgment is affirmed.
 
                                                                   BOB L. THOMAS
                                                                   Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion issued and filed January 10, 1996
Publish
WITHDRAWN 3-20-96