Opinion filed October 18, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed October 18,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

          Eleventh Court
of Appeals

                                                                   __________

 

                                                          No. 11-05-00416-CV 

__________

 

                                    ARLENE
C. EGGERT, Appellant

 

                                                             V.                      

 

               COMANCHE
CENTRAL APPRAISAL DISTRICT, Appellee

 



 

                                         On
Appeal from the 220th District Court 

 

                                                      Comanche
County, Texas

 

                                       Trial
Court Cause No. 04-05-08504-CCCV

 



 

                                              M
E M O R A N D U M  O P I N I O N                      

 

Arlene C. Eggert appeals from the trial court=s order dismissing her suit
for lack of jurisdiction.  We affirm. 

Background Facts








Arlene managed and operated a business called the Red
Barn.  On June 6, 2003, Comanche Central Appraisal District (CCAD) sent a
notice of appraised value for the tax year 2003 for the business personal
property associated with the Red Barn to AThe
Red Barn c/o Peter Eggert P.O. Box 895 Proctor, TX. 76438.@  Peter Eggert is Arlene=s husband.  The notice
contained the assessed value of the business personal property and the situs
address.  The deadline to protest the appraised value was July 7, 2003.  Peter
filed a notice of protest alleging that he was not the owner of the property. 
The appraisal review board held a hearing regarding Peter=s protest.  After the
hearing, the review board issued an order to correct the ownership name to
Arlene G. Caloncico-Eggert.  On December 26, 2003, Arlene filed a notice of
protest with the review board asserting that the appraised value of the
property was over the market value.  The review board held a hearing and found
that it did not have jurisdiction to hear the protest.  Arlene filed a petition
for review of protest with the trial court.  CCAD filed a motion to dismiss for
lack of jurisdiction.  After a hearing, the trial court granted CCAD=s motion.

Issues on Appeal

Arlene brings three issues on appeal.  First, Arlene 
asserts that the trial court erred in signing an order to dismiss for lack of
jurisdiction without specifying whether the case was to be dismissed with or
without prejudice.  Second, she asserts that the evidence was legally and
factually insufficient to support a dismissal because CCAD filed its motion to
dismiss with Aunclean
hands.@  Third, Arlene
asserts that the trial court erred in granting CCAD=s motion to dismiss without considering Asubstantial compliance@ by Arlene. 

Standard of Review

Whether a trial court has subject‑matter
jurisdiction is a question of law that we review de novo.  Tex.
Natural Res. Conservation Comm=n
v. IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2002).  In deciding whether a
trial court has jurisdiction, we consider the plaintiff=s pleadings and the evidence offered by the
parties relevant to the jurisdictional issue.  County of Cameron v. Brown,
80 S.W.3d 549 (Tex. 2002). 

Analysis








First,
Arlene argues that the trial court erred in dismissing her case for lack of
jurisdiction without due notice and without specifying whether the case was to
be dismissed with or without prejudice.  The trial=s court=s
order does not specify whether the case was dismissed with or without
prejudice.  Arlene argues that, because CCAD requested in its motion that the
case be dismissed with prejudice, CCAD=s
request is incorporated by reference in the trial court=s order.  We disagree.  Because a dismissal
for lack of jurisdiction is not a decision on the merits, it cannot be done
with prejudice.  Bell v. State Dep=t
of Highways & Pub. Transp., 945 S.W.2d 292, 295 (Tex. App.CHouston [1st Dist] 1997,
pet. denied).  Therefore, it is presumed that the dismissal is without
prejudice.  Id.  The trial court did not err in failing to specify if
the case was dismissed with or without prejudice. 

Arlene=s claim that she was not
given adequate notice of the trial court=s
dismissal has no merit.  Arlene was sent a copy of CCAD=s motion to dismiss for lack of jurisdiction,
and Arlene was present at the hearing on the motion to dismiss for lack of
jurisdiction.  Arlene even presented evidence at the hearing.  Arlene relies on
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.
1999).  This case is not on point:  it discusses the trial court=s duty to notify the
parties of dismissal for want of prosecution under Tex. R. Civ. P. 165a.  We overrule Arlene=s first issue on appeal. 

Arlene
asserts in her second issue on appeal that the evidence was legally and
factually insufficient to support the trial court=s
dismissal because CCAD presented its motion to dismiss with Aunclean hands.@  Arlene asserts that the
evidence showed she did not own the subject property before the middle of
January 2003 and that, therefore, she cannot be liable for the taxes.  However,
Arlene did not challenge the ownership of the property before the CCAD. 
Rather, she challenged the appraised value of the subject property.  In the
notice of protest, she admits to owning the subject property.  

It
is unclear in Arlene=s
brief how CCAD acted with Aunclean
hands@ in filing its
motion to dismiss.  However, the doctrine of Aunclean
hands@ is an equitable
doctrine and does not apply in this case.  Arlene defines the doctrine of Aunclean hands@ as a party taking
advantage of its wrongdoing by seeking equitable relief or asserting an
equitable defense if that party has violated an equitable principle.  CCAD is
not seeking equitable relief or asserting an equitable defense.  CCAD
challenges the trial court=s
subject-matter jurisdiction.  Jurisdiction of a court is a statutory creation,
and it cannot be conferred by consent or estoppel.  Wilmer-Hutchins Indep.
Sch. Dist. v. Sullivan, 51 S.W.3d 293, 294 (Tex. 2001).  Arlene=s second issue on appeal is
overruled. 








In
Arlene=s third issue
on appeal, she argues that the trial court erred in granting CCAD=s motion to dismiss for
lack of jurisdiction without considering whether she substantially complied
with provisions of the Tax Code. A party has the right to appeal the appraisal
review board=s
decision.  Tex. Tax Code Ann. ' 42.031 (Vernon 2001).  A
property owner who appeals a decision of the review board is required to pay
the lesser of the undisputed tax amount or the tax due on the property under
the order from which the appeal is taken.  The property owner must make this
payment before the delinquency date or she forfeits the right to appeal.  Tex. Tax Code Ann. ' 42.08(b) (Vernon 2001). 
On the motion of a party, the trial court shall hold a hearing to review and
determine substantial compliance with the statute.  Tex. Tax Code Ann. '
42.08(d) (Vernon 2001).  If the trial court finds that the property owner has
not substantially complied with the statute, then the court should dismiss the
action.  Id.  ASubstantial
compliance@ means
performing the essential requirements of a statute.  Mo. Pac. R.R. Co. v.
Dallas County Appraisal Dist., 732 S.W.2d 717, 721 (Tex. App.CDallas 1987, no writ); Harris
County Appraisal Dist. v. Krupp Realty Ltd. P=ship, 787 S.W.2d 513, 515 (Tex. App.CHouston [1st Dist.] 1990,
no writ).  If deviations from the performance required by statute do not
seriously hinder the legislature=s
purpose in imposing the requirement, then there has been substantial
compliance.  Mo. Pac. R.R., 732 S.W.2d at 721.  The legislature=s purpose in requiring
payment of some taxes owed is to insure that taxpayers do not use the right of
judicial review as subterfuge for delaying or avoiding the payment of at least
some tax and to insure that the activities of the local governments, which rely
on ad valorem taxes, are not unduly impeded by granting the property owner the
right of judicial review.  Id.

Arlene
argues that she substantially complied with Tex.
Tax Code Ann. ' 42.08
(Vernon 2001) because she attempted to pay the taxes before the delinquency
date.  The delinquency date for the taxes owed was February 1, 2004.  Arlene
paid a portion of the tax owed on May 13, 2004. Arlene testified that she went
to the tax office on January 30, 2004, and attempted to pay the taxes but that
the tax assessor=s
office could not find anything listed under her name.  Arlene testified that
she could not leave the payment at the tax office because the tax office would
not accept it.  The chief appraiser of CCAD, Rhonda Woods, testified that there
are several ways to find a property account.  She testified that property can
be searched by situs address,  property I.D. number, legal description, or the
owner=s name.  Arlene
testified that she knew the account for the Red Barn was listed in care of
Peter Eggert, her husband, but that, according to the Texas Alcohol and
Beverage Commission (TABC), she could not pay the account under another name. 
However, she did not offer any evidence of a rule or statute regarding any TABC
requirement.  Arlene testified that she had to pay liquor license fees with a
personal check.  However, there is no evidence to show that this rule applies
to property taxes owed on a business. 








A
party has not substantially complied with the statute if no portion of the
taxes were paid by the due date.  See Harris County Appraisal
District v. Herrin, 917 S.W.2d 345 (Tex. App.CHouston
[14th Dist.] 1996), modified, 924 S.W.2d 154 (Tex. 1996); Harris
County Appraisal Dist. v. Dipaola Realty Assocs., 841 S.W.2d 487 (Tex. App.CHouston [1st Dist.] 1992,
writ denied); Filmstrips & Slides, Inc. v. Dallas Cent. Appraisal Dist.,
806 S.W.2d 289 (Tex. App.CDallas
1991, no writ); Ferguson v. Chillicothe Indep. Sch. Dist., 798 S.W.2d
395 (Tex. App.CAmarillo
1990, writ denied); Harris County Appraisal Dist. v. Consol. Capital Props.
IV, 795 S.W.2d 39, 41 (Tex. App.CAmarillo
1990, writ denied).

A
mandatory time requirement is not reasonably susceptible to substantial
compliance review.  Consol. Capital Props. IV, 795 S.W.2d at 41. 
Forgiveness for payment of taxes after the delinquency date will lead to a complete
obliteration of the time requirement.  Id.  Any exception for accidental
failure or good faith to meet the deadline will lead to the defeat of the
legislature=s intent
for the statute.  Dipaola Realty Assocs., 841 S.W.2d at 490.  Payment
before the delinquency date of some or all of the taxes is a prerequisite to
the district court=s
subject-matter jurisdiction.  Lawler v. Tarrant Appraisal Dist., 855
S.W.2d 269, 271 (Tex. App.CFort
Worth 1993, no writ).       

Arlene
did not substantially comply with the provisions of Section 42.08 because none
of the taxes were paid before the delinquency date.  The trial court did not
err in dismissing the appeal for lack of jurisdiction.[1] 
We overrule Arlene=s
third issue on appeal.

Holding


We
affirm the trial court=s
judgment.

 

PER CURIAM

October 18, 2007

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.  









[1]CCAD also argues that the trial court did not have
jurisdiction because Arlene did not file her notice of protest timely. 
However, since we find that Arlene did not substantially comply with the
provision of Section 42.08, we do not need to address whether the protest was
timely filed.