**Opinion issued February 4, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00874-CV

————————————

**J. FREDERICK WELLING & 57 OFF MEMORIAL APARTMENTS, LP, Appellants**

**V.**

**HARRIS COUNTY APPRAISAL DISTRICT & THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL DISTRICT, Appellees**

---

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2010-68163

---

## O P I N I O N

Appellants, J. Frederick Welling and 57 Off Memorial Apartments, LP

(Welling), filed an appeal in district court, pursuant to Chapter 42 of the Texas

Property Tax Code, challenging the Houston County Appraisal District's appraised value of two commercial properties for the 2010 tax year. HCAD moved to dismiss for lack of subject-matter jurisdiction alleging that Welling had failed to substantially comply with section 42.08 of the tax code. The trial court granted the motion and dismissed Welling's appeal. In nine points of error, Welling argues that the trial court erred by granting HCAD's motion to dismiss and by denying his motion for a new trial. We affirm.

## Background

After receiving the 2010 appraisals for two commercial properties, Welling filed a notice of protest with the appraisal review board. The appraisal review board conducted a hearing on each of Welling's protests and reduced the appraised value of both. Welling appealed to the district court, challenging the reduced appraised values under Chapter 42 of the Texas Property Tax Code.

HCAD moved to dismiss for lack of subject-matter jurisdiction. It alleged that Welling had failed to fully or substantially comply with the tax payment provisions of section 42.08(b), which requires "a property owner who appeals . . . [to] pay taxes . . . in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal." TEX. TAX CODE ANN. § 42.08(b) (West Supp. 2013). Welling responded that he was excused from this prepayment requirement by section

2

42.08(d), which excuses a taxpayer from the requirement of prepayment of tax as a prerequisite to appeal if the court finds that such prepayment "would constitute an unreasonable restraint on the party's right of access to the courts."  *Id.* § 42.08(d) (West Supp. 2013).  In support of this contention, Welling filed an oath of inability to pay and a motion to determine substantial compliance, as required by section 42.08(d).

In his oath of inability to pay, Welling averred that "the ad valorem taxes for the property were not paid prior to February 1, 2011 because as of January 31, 2011, the due date, the ownership entity, 57 Off Memorial Apartments, LP, was financially unable to pay those taxes in full."  He also stated that the undisputed portion of the taxes was paid on February 17, 2011, and that those funds were obtained by a loan to the ownership entity, which was not approved until late January 2011, and did not close until early February 2011.

Welling submitted bank records reflecting a negative account balance as of January 31, 2011, but a positive balance at the beginning of that month.  The records showed deposits in the amount of $72,562.29 and debits in the amount of $78,305.85 for the month of January.  Welling also submitted documents reflecting that Wellco Acquisitions, LLC, an entity owned by Welling, but not the owner of the subject properties, obtained a loan to pay the taxes after the February 1, 2011 delinquency date.  Finally, Welling testified at the hearing that he did not pay the

3

taxes by February 1, 2011, because he did not have the money available to pay them, as evidenced by the negative balance in the bank account as of January 31, 2011.

The trial court concluded that Welling had not substantially complied with either subsection 42.08(b) or 42.08(d). The trial court found: (1) Welling's oath of inability to pay and the documents submitted with it did not demonstrate inability to pay and, in fact, showed funds were available, (2) Welling's testimony was not supported by, and was at times inconsistent with, his documentary evidence, and (3) Wellings's testimony "regarding the reasons no payment was made at any time prior to the delinquency date was not credible." Based on these findings, the trial court concluded: "[r]equiring prepayment by the delinquency date . . . of some amount of the taxes on the evidence in this case would not constitute an unreasonable restraint on [Welling's] access to the courts because the evidence fails to show an inability to pay and there is evidence that funds were available." Having concluded that there was not substantial compliance with either subsection 42.08(b) or 42.08(d), the trial court dismissed Welling's claims for lack of jurisdiction.

## Discussion

### A. Standard of Review

Compliance with section 42.08 "is a jurisdictional prerequisite to [the] district court's subject matter jurisdiction to determine property owner's rights." *Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ.); *see also U. Lawrence Boze' & Assocs. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Whether a trial court has subject matter jurisdiction over a case is a question of law and, therefore, we review de novo a trial court's ruling on a motion to dismiss. *See U. Lawrence Boze'*, 368 S.W.3d at 23; *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (holding that we review trial court's ruling on plea to the jurisdiction de novo). However, where, as here, an appellant challenges the trial court's jurisdiction-related findings of fact, we review these findings for legal and factual sufficiency. *See McDaniel v. Town of Double Oak*, No. 02-10-00452-CV, 2012 WL 662367, at *2 (Tex. App.—Fort Worth Mar. 1, 2012, pet. denied) (mem. op.). We consider the legal sufficiency of the evidence in the light most favorable to the prevailing party, according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). All the evidence must be considered when reviewing a factual

5

sufficiency complaint and the verdict should be set aside "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

## B. Applicable Law

Each year, the county appraisal district appraises all property that is taxable in the district and notifies the property owner of the appraised value of the property and the amount of taxes due. *See* TEX. TAX CODE ANN. § 23.01 (West Supp. 2013); *id.* § 25.01 (West 2008); *id.* § 25.19 (West 2008). "[T]axes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." *Id.* § 31.02(a) (West 2008). The tax assessor is required to mail a tax bill by October 1 or as soon thereafter as practicable to each person in whose name the property is listed. *Id.* § 31.01 (West Supp. 2013).

If the property owner is dissatisfied with the appraised value of the owner's property, he may file a protest with the appraisal review board pursuant to Chapter 41 of the tax code. *See id.* § 41.41 (West 2008). After receiving the protest, the appraisal review board conducts a hearing on the protest and, once a determination is made, enters a written order. *See id.* § 41.45 (West Supp. 2013); *id.* § 41.47 (West Supp. 2013). The property owner may then appeal to the district court from

6

the appraisal review board's determination. *See id.* § 42.01 (West Supp. 2013); *id.* § 42.21 (West Supp. 2013).

Section 42.08 of the tax code "applies to a suit for judicial review of an adverse appraisal review board determination of the appraised value of the property pursuant to Chapter 41." *U. Lawrence Boze'*, 368 S.W.3d at 25; *see* TEX. TAX CODE ANN. § 42.08. Section 42.08(b) provides that a property owner forfeits the right to proceed to a final determination of the appeal if he does not pay a portion of the amount due before the delinquency date. It states:

> (b) Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:
>
>> (1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute; [or]
>>
>> (2) the amount of taxes due on the property under the order from which the appeal is taken . . . .

TEX. TAX CODE ANN. § 42.08(b).

Subsection (d) creates an exception to the prepayment requirement for property owners unable to pay in accordance with (b). It states:

> After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the

7

party's right of access to the courts. On the motion of a party and after the movant's compliance with Subsection (e), the court shall hold a hearing to review and determine compliance with this section, and the reviewing court may set such terms and conditions on any grant of relief as may be reasonably required by the circumstances. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action.

*Id.* § 42.08(d).

As the party seeking dismissal for lack of subject-matter jurisdiction, HCAD bore the burden to establish that Welling did not substantially comply with section 42.08. *U. Lawrence Boze'*, 368 S.W.3d at 26; *J.C. Evans Constr. Co. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 449 (Tex. App.—Austin 1999, no pet.). "'Substantial compliance' means that one has performed the 'essential requirements' of a statute, and it 'excuse[s] those deviations from the performance required by statute which do not seriously hinder the legislature's purpose in imposing the requirement.'" *U. Lawrence Boze'*, 368 S.W.3d at 27 (quoting *Mo. Pac. R.R. Co. v. Dallas Cnty. Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex. App.—Dallas 1987, no writ)); *see also Dallas Cent. Appraisal Dist. v. 717 S. Good Latimer Ltd.*, No. 05-09-00779-CV, 2010 WL 1729343, at *2 (Tex. App.—Dallas Apr. 29, 2010, pet. denied) (mem. op.) ("Substantial compliance means one has performed the 'essential requirements' of a statute."). Whether a property owner has substantially complied with section 42.08 is a factual matter to be determined by the trial court on a case-by-case basis. *U. Lawrence Boze'*, 368 S.W.3d at 26;

8

*J.C. Evans*, 4 S.W.3d at 449. If there is no substantial compliance, the trial court must dismiss the suit. *See* TEX. TAX CODE ANN. § 42.08(d).

**C.     Did Welling Substantially Comply with section 42.08?**

In his first, second, third, fourth, fifth, and ninth points of error, Welling challenges the trial court's dismissal of his suit. Welling argues that the trial court erred by rejecting his oath and other evidence of inability to pay, and by concluding that Welling was not excused from the prepayment requirement and, therefore, had not substantially complied with section 42.08. We construe Welling's claims as challenges to the trial court's findings of fact and conclusions of law.

**1.     Section 42.08(b)**

Section 42.08(b) requires a property owner to pay, before the delinquency date, some amount of the taxes due in order to avoid forfeiture of his right to judicial review. TEX. TAX CODE ANN. § 42.08(b) (requiring taxpayer to pay either the lesser of the amount of taxes not in dispute or the current amount of taxes due prior to the delinquency date). This court and other courts of appeals have held that if the property owner has not paid any portion of the assessed taxes by the delinquency date, he has not substantially complied with section 42.08(b). *See U. Lawrence Boze'*, 368 S.W.3d at 29–30 (holding that where taxpayer did not pay any portion of assessed taxes before relevant delinquency deadlines, he did not

9

substantially comply with section 42.08(b)); *J.C. Evans*, 4 S.W.3d at 451 (recognizing that some amount of taxes has to be paid by the delinquency date, otherwise suit will be dismissed for want of jurisdiction); *Gen. Motors Acceptance Corp. v. Harris Cnty. Mun. Util. Dist. No. 130*, 899 S.W.2d 821, 823 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("The courts of appeals have consistently held that if the taxpayer does not pay any of the taxes on the property by the delinquency date, the taxpayer has not substantially complied . . . ."); *Harris Cnty. Appraisal Dist. v. Dipaola Realty Assocs.*, 841 S.W.2d 487, 490 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (holding that finding of substantial compliance was not appropriate where no tax money was timely paid).

Here, it is undisputed that no portion of the assessed tax was paid on either property in dispute prior to the delinquency deadline. Therefore, we hold, as the trial court found, that Welling failed to substantially comply with section 42.08(b). *Gen. Motors*, 899 S.W.2d at 823; *Dipaola Realty*, 841 S.W.2d at 490. Accordingly, we go on to consider whether the trial court erred in failing to find that Welling was excused from complying with subsection (b) on the grounds that the payment required by that subsection would constitute an unreasonable restraint on his right of access to the courts.

## 2. Section 42.08(d)

A property owner is excused from the prepayment requirement of section 42.08(b) if the owner files an "oath of inability to pay the taxes at issue" and the trial court determines that "such prepayment would constitute an unreasonable restraint on the party's right of access to the courts." TEX. TAX CODE ANN. § 42.08(d). The Dallas Court of Appeals has explained that, by including the inability to pay provision in section 42.08, the legislature sought to accomplish at least two objectives: (1) notification to the interested parties of the property owner's inability to pay, which informs the taxing units of the tax dollars that will not be paid prior to the delinquency date; and (2) access to the courts to challenge the valuation of property by those property owners who are unable to prepay their tax liability. *J.C. Evans*, 4 S.W.3d at 452.

Welling argues that he filed a valid oath of inability to pay and that this oath was accompanied by properly authenticated financial records, which reflected his inability to pay. He maintains that his testimony at the hearing and the financial records submitted along with the oath indicated that he was financially unable to make the full tax payment before the delinquency date. Therefore, Welling argues, he clearly demonstrated an inability to pay and the trial court erred in failing to find that he was excused from 42.08(b)'s prepayment requirement.

11

In his oath of inability to pay, Welling averred that "the ad valorem taxes for the property were not paid prior to February 1, 2011 because as of January 31, 2011, the due date, the ownership entity, 57 Off Memorial Apartments, LP, was financially unable to pay those taxes in full." He also stated that the undisputed portion of the taxes was paid on February 17, 2011, and that those funds were obtained by a loan to the ownership entity, which was not approved until late January 2011 and did not close until early February 2011.

Attached to Welling's motion for determination of substantial compliance were several bank records and loan documents. Included in these documents was the front page of a bank statement from Patriot Bank for an account held in the names of 57 Off Memorial Apartments, LP, Derek D. Welling, and J. Frederick Welling. This statement covered the time period between January 1, 2011 and January 31, 2011, and reflected an opening balance of $2,250.92, deposits in the amount of $72,562.29, checks and debits in the amount of $78,305.85, and a negative ending balance of $3,492.64. Also included was a bank statement from Patriot Bank for what appears to be the same account for the month of February 2011, which reflects a negative balance of $520.53 on February 1, 2011. Additionally, Welling attached documents from Moody National Bank concerning a loan to Wellco Acquisitions, LLC and guaranteed by Welling.

Welling testified at the hearing that he realized in October 2010 that he would have difficulty paying the 2010 taxes on these properties. He contacted Moody National Bank in November 2010 and worked with Moody to secure a loan from November until the end of January 2011. The loan was finally approved on January 31, 2011, but Welling was not able to close until February 17th or 18th. After the loan closed, Welling paid the undisputed amount of taxes on each property. Welling admitted that he did not contact the tax office at any time before the delinquency deadline to inform them that he would not be able to pay on time. Welling contends this evidence conclusively established that the prepayment requirement would constitute an unreasonable restraint on his right of access to the courts. We disagree.

In his oath, Welling stated that the ownership entity was unable to pay the taxes in full "as of January 31, 2011," the day before the delinquency date. However, Welling was not necessarily required to pay the taxes in full by the delinquency date; he could have paid the lesser of that amount or the portion of taxes not in dispute. TEX. TAX CODE ANN. § 42.08(b). Welling put on no evidence to show which was the lesser of the two amounts, nor did he adduce evidence to show he would not have been able to pay an amount less than the full amount.

Further, tax bills are mailed by October 1 and taxes are *due upon receipt of the tax bill*, and only become delinquent if not paid before February 1st. *See id.* §§

13

31.02(a); 31.01. Welling's evidence showed that Welling had a negative account balance on January 31, 2011 and February 1, 2011. However, the bank records only showed account activity and balance information for the months immediately preceding and immediately following the delinquency date. As the trial court noted, Welling adduced no evidence he was unable to pay the amount of taxes not in dispute during the months of October, November, or December. Moreover, the bank records show that $72,562.29 was deposited into the bank account during the month of January 2011, and Welling introduced no evidence regarding why some portion of this money was not, or could not have been, used for prepayment of some portion of the tax bill. Importantly, the trial court, who had the opportunity to observe Welling's demeanor, found that Welling's testimony about why no payment was made before the delinquency date was inconsistent with the documentary evidence and "not credible."

Finally, one of the objectives the legislature sought to accomplish by including the inability to pay provision in section 42.08 was to provide notice to the interested parties of the property owner's inability to pay, which informs the taxing units of the tax dollars that will not be paid prior to the delinquency date. *J. C. Evans*, 4 S.W.3d at 452. Welling testified that he knew in October 2010 that he would have difficulty making the tax payments on these properties; nevertheless, he did not inform the tax office at any point before the February 1, 2011

14

delinquency date that he would be unable to pay the taxes in full or in part. *Cf. J.C. Evans*, 4 S.W.3d at 452 (finding substantial compliance with section 42.08(d) where taxpayer notified assessor-collector that it could not timely pay, assessor-collector acquiesced in taxpayer's representation of inability to pay, without requiring additional proof, and subsequently entered into short-term installment agreement with taxpayer).

We conclude that the trial court's findings that (1) Welling failed to demonstrate an inability to pay and (2) the prepayment requirement of section 42.08(b) would not constitute an unreasonable restraint on Welling's right of access to the courts are supported by the record. Accordingly, we conclude that the trial court did not err in concluding Welling was not excused from the prepayment requirement of section 42.08(b), and that the trial court did not err in granting HCAD's motion to dismiss. *See U. Lawrence Boze'*, 368 S.W.3d at 30–31; *Palaniappan v. Harris Cnty. Appraisal Dist.*, __ S.W.3d __, No. 01-11-00344-CV, 2013 WL 6857983, at *8 (Tex. App.—Houston [1st Dist.] Dec. 31, 2013, no pet. h.) (mem. op. on reh'g) (affirming dismissal based on evidence and trial court's finding questioning veracity of property owner's testimony regarding inability to pay before delinquency date).

We overrule Welling's first, second, third, fourth, fifth, and ninth points of error.

15

## D. Trial Court's Jurisdiction

In his sixth point of error, Welling contends that the trial court erred in granting HCAD's motion to dismiss, which Welling equates to a plea to the jurisdiction, because, according to Welling, his timely filing of the suit was all that was necessary to vest the trial court with jurisdiction. We disagree.

Several courts have held that compliance with section 42.08 is a jurisdictional prerequisite to the district court's subject matter jurisdiction. *See Palaniappan*, 2013 WL 6857983, at *8 ("[C]ompliance with section 42.08 *is* jurisdictional.") (emphasis in original); *U. Lawrence Boze'*, 368 S.W.3d at 23 ("Compliance with the prepayment requirements of section 42.08 'is a jurisdictional prerequisite to [the] district court's subject matter jurisdiction to determine property owner's rights.'"); *Tarrant Appraisal Dist. v. Gateway Ctr. Assocs. Ltd.*, 34 S.W.3d 712, 714 (Tex. App.—Fort Worth 2000, no pet.) ("Compliance with the tax code is a jurisdictional prerequisite to pursuing judicial review . . . ."); *Lawler*, 855 S.W.2d at 271 (holding that compliance with section 42.08 is a jurisdictional prerequisite to district court's subject matter jurisdiction). Therefore, we overrule Welling's argument that the trial court had jurisdiction regardless of whether he met the requirements of section 42.08.

We overrule Welling's sixth point of error.

**E.    Other Challenges to Trial Court's Findings of Fact and Conclusions of Law**

In his seventh and eighth points of error, Welling contends that there is no evidence or insufficient evidence to support certain findings of fact and conclusions of law made by the trial court or that the trial court failed to make findings at all. To the extent that Welling challenges express findings of fact made by the trial court, we have overruled these challenges above. To the extent that Welling complains that the trial court failed to make findings or conclusions relating to whether Welling was excused from the prepayment requirement under section 42.08(d), these complaints have been mooted by the filing of a supplemental record that includes additional findings of fact and conclusions of law made by the trial court. Therefore, we overrule Welling's seventh and eighth points of error.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.