# NO. 12-17-00094-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFREY ANDREW MUNN,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SMITH COUNTY APPRAISAL*<br>*DISTRICT,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *OPINION*

Jeffrey Andrew Munn appeals from the trial court's order of dismissal in his suit appealing the Smith County Appraisal District's denial of his tax protest. In two issues, Munn asserts the trial court erred in dismissing the case and in failing to grant Munn's post-verdict motions. We affirm.

### BACKGROUND

Munn owns a large tract of land that, until 2015, had enjoyed an agricultural exemption. On October 9, 2015, Munn wrote a letter to taxing authorities in Smith County requesting that his tract of land "be put into agriculture exemption for the year 2015." He explained that he "somehow missed the application request from April." The Smith County Appraisal Review Board considered his request and determined that the property did not qualify for special appraisal. On November 20, 2015, the Board ordered that the Chief Appraiser for Smith County shall make no change to the appraisal or records concerning the property at issue. On January 20, 2016, Munn filed a petition in district court appealing the Board's order. SCAD moved for dismissal for lack of jurisdiction asserting that Munn failed to exhaust his administrative remedies for his claims of excessive and unequal appraisal, and he failed to tender any tax payment on the property before the delinquency date, February 1, 2016, thereby forfeiting his

right to a determination of his appeal.[1]  Munn did not respond to SCAD's motion to dismiss. After a hearing on January 18, 2017, which neither Munn nor his attorney attended, the trial court granted the motion to dismiss.

On February 17, 2017, Munn filed a document entitled "Plaintiff's Motion to Reinstate, Motion for New Trial, Motion to Reconsider and Set Aside or Reform Order on Defendant's First Amended Motion to Dismiss for Lack of Jurisdiction and Plaintiff's Property Tax Code Section 42.08(d) Motion for Substantial Compliance and/or Excusing Prepayment."  In support of his 42.08(d) motion, Munn attached his affidavit of the same date in which he swore that he was financially unable to pay the taxes on the due date.  He also stated that he later paid the undisputed portion of the 2015 taxes.  The trial court never ruled on these motions.  Munn filed his notice of appeal on April 3, 2017.

## JURISDICTION

In his first issue, Munn contends the trial court erred in granting SCAD's plea to the jurisdiction.  He asserts that tax code Section 42.08(e) requires SCAD to provide forty-five days' notice of the hearing to the collector for each taxing unit.  He contends that the forty-five day notice is a prerequisite to consideration of the plea to the jurisdiction.

In his second issue, Munn asserts that the trial court erred in not granting his motions to reinstate, for a new trial, or to reconsider and set aside or reform the trial court's order based on SCAD's failure to comply with the statutory notice requirements.  He further contends that, concomitantly with his other motions, he filed a motion to be excused from the pre-payment requirement because of his inability to pay the taxes.  He argues that his inability to pay the taxes resulted in barring access to the court, and reversal and remand of this case would allow for consideration of his motion to be excused from the pre-payment requirement.

**Applicable Law**

The statutory provisions of the tax code create rights and remedies that are mandatory and exclusive and must be complied with in all respects.  ***Gregg Cty. Appraisal Dist. v. Laidlaw Waste Sys., Inc.***, 907 S.W.2d 12, 16 (Tex. App.−Tyler 1995, writ denied).  Compliance with Section 42.08 is a jurisdictional prerequisite to the district court's subject matter jurisdiction to determine a property owner's rights.  ***Welling v. Harris Cty. Appraisal Dist.***, 429 S.W.3d 28, 31

---

[1] *See* TEX. TAX CODE ANN. § 42.08 (West 2015).

(Tex. App.−Houston [1st Dist.] 2014, no pet.). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Nat. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The party seeking dismissal for lack of jurisdiction maintains the burden of proof. *Lee v. El Paso Cty.*, 965 S.W.2d 668, 671 (Tex. App.−El Paso 1998, pet. denied).

Appraisal review boards have exclusive original jurisdiction in ad valorem tax cases and district courts have appellate jurisdiction over appraisal review board orders. *See Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam). The tax code sets forth administrative procedures for aggrieved property owners to protest their tax liabilities. *See* TEX. TAX CODE ANN. chs. 41 - 42 (West 2015 & Supp. 2017). After an administrative hearing, dissatisfied taxpayers are authorized to appeal to the district court. *See id*. §§ 42.01(1)(A), 42.06, 42.21.

A property owner who appeals a decision of the review board is required to pay, before the delinquency date, the lesser of the undisputed tax amount, the tax due on the property under the order from which the appeal is taken, or the amount of taxes imposed on the property in the preceding tax year. *Id*. § 42.08(b). Payment is a condition for judicial review. *See Cent. Appraisal Dist. of Rockwall Cty. v. Lall*, 924 S.W.2d 686, 690 (Tex. 1996). If the property owner fails to pay one of those amounts, he forfeits the right to proceed to a final determination of the appeal. TEX. TAX CODE ANN. § 42.08(b). Section 42.08(d) excuses the owner from this requirement if the owner files an oath of inability to pay the taxes at issue and the court determines, after notice and hearing, that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. *Id*. § 42.08(d).

We review de novo issues of statutory construction. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent, which is determined by the language of the statute itself. TEX. GOV'T CODE ANN. § 312.005 (West 2013); *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631-32 (Tex. 2008). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We further consider statutes as a whole rather than their isolated provisions. *Id.*

3

We review the trial court's denial of a motion for new trial for an abuse of discretion. ***In re R.R.***, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam). When a motion for new trial is overruled by operation of law, the question presented is whether the trial court abused its discretion by allowing the motion to be overruled. ***Soto v. Gen. Foam & Plastics Corp.***, 458 S.W.3d 78, 81 (Tex. App.−El Paso 2014, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or it acts without reference to any guiding principles of law. ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241-42 (Tex. 1985).

## Analysis

Munn argues that the plea to the jurisdiction should not have been granted because SCAD did not provide timely notice of the hearing to the collector for each taxing unit, an act he describes as a prerequisite to consideration of the plea to the jurisdiction. SCAD argues that the statute requires the taxpayer to send notice of the hearing, therefore its failure to send notice does not impact its plea to the jurisdiction. We agree with SCAD.

Section 42.08 is entitled "Forfeiture of Remedy for Nonpayment of Taxes" while the text speaks to how a taxpayer can avoid forfeiture of his appeal to the district court. Subsections (a), (b), and (c) refer to acts of the "property owner." TEX. TAX CODE ANN. § 42.08(a) - (c). Subsection (d) uses the term "party," stating that "a party may be excused from the requirement of prepayment of tax . . . if the court . . . finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts." ***Id***. § 42.08(d). These two references to "party" necessarily refer to the taxpayer. Later in subsection (d) are two references to "property owner," both in connection with whether he substantially complied "with this section." ***Id***. In the final reference to "property owner," subsection (d) states "the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination." ***Id***.

In the middle of subsection (d), between the references to "party" that necessarily refer to the taxpayer and the references to "property owner," lies the sentence "[o]n the motion of a party and after the movant's compliance with Subsection (e), the court shall hold a hearing to review and determine compliance with this section . . . ." ***Id***. Subsection (e) requires the "movant" to provide forty-five days' notice of the hearing "to the collector for each taxing unit that imposes taxes on the property." ***Id***. § 42.08(e). Subsection (f) provides that taxing units may intervene in

4

an appeal to determine whether the "property owner" has complied with "this section." *Id*. § 42.08(f).

Considering Section 42.08 in its entirety, and applying the plain meaning of the words, we conclude that the two remaining references to "party" and "movant" in subsection (d) also refer to the taxpayer. *See **Combs***, 340 S.W.3d at 439. Thus, subsection (d)'s directive that the "movant" must comply with subsection (e)'s forty-five day notice requirement is a directive to the taxpayer, not the taxing authority. Accordingly, SCAD was not required to send notice of the hearing on its plea to the jurisdiction to taxing units that impose taxes on Munn's property, and such notice is not a prerequisite to consideration of the plea to the jurisdiction.

Munn did not file a response to SCAD's plea to the jurisdiction. Neither Munn nor his attorney attended the hearing on the plea to the jurisdiction. At the hearing, SCAD presented evidence that Munn paid nothing before the delinquency date. Therefore, Munn did not comply with Section 42.08(b)'s requirement to prepay the lesser of three specified amounts before the delinquency date. TEX. TAX CODE ANN. § 42.08(b). Payment is a condition for judicial review. *See **Lall***, 924 S.W.2d at 690. Because Munn failed to pay any of those three amounts, he forfeited the right to proceed to a final determination of the appeal. TEX. TAX CODE ANN. § 42.08(b). Because compliance with Section 42.08 is a jurisdictional prerequisite to the district court's subject matter jurisdiction to determine the property owner's rights, the trial court properly granted SCAD's plea to the jurisdiction. ***Welling***, 429 S.W.3d at 31. Further, as SCAD was not required to give forty-five days' notice to taxing units, its failure to do so could not be a basis for a new trial. Therefore, the trial court did not abuse its discretion by not granting Munn's post-dismissal motions. *See **Downer***, 701 S.W.2d at 241-42. We overrule Munn's first and second issues.

## DISPOSITION

Having overruled Munn's two issues, we ***affirm*** the trial court's order of dismissal.

**BRIAN HOYLE**
Justice

Opinion delivered April 4, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 4, 2018

NO. 12-17-00094-CV

**JEFFREY ANDREW MUNN,**
Appellant
V.
**SMITH COUNTY APPRAISAL DISTRICT,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 16-0142-C)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the order of dismissal.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **JEFFREY ANDREW MUNN**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*