Opinion issued June 15, 2021



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00325-CV
_____

### HARRIS COUNTY APPRAISAL DISTRICT, Appellant

### V.

### 4085 WESTHEIMER HOLDINGS, LTD., HIGHLAND VILLAGE SHOPPING CTR., 2706 SUFFOLK HOLDINGS LTD., 3994 WESTHEIMER HOLDINGS LTD., AND HIGHLAND VILLAGE LIMITED PARTNERSHIP, Appellees

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-61933**

---

## MEMORANDUM OPINION

This is an accelerated interlocutory appeal from the district court's denial of a plea to the jurisdiction in an ad valorem tax suit. The appellant-taxing authority is Harris County Appraisal District (HCAD), and the appellee-property owners are five

business entities[1] (the Property Owners) that collectively own a shopping center in Houston, Texas (the Shopping Center).

The Property Owners filed a petition for review in district court under Chapter 42 of the Tax Code, challenging HCAD's appraised value of the Shopping Center for the 2019 tax year. In response, HCAD filed a plea to the jurisdiction, arguing that the district court lacked subject matter jurisdiction because the Property Owners had failed to substantially comply with Chapter 42's prepayment requirement—a well-established jurisdictional prerequisite to suit, which requires property owners to pay part of their property taxes by the applicable delinquency date or otherwise forfeit their right to appeal. HCAD supported its plea with, among other documents, certified tax statements from the Harris County Tax Assessor-Collector, which showed the Property Owners had failed to pay any property taxes by the applicable (and undisputed) delinquency date. The Property Owners did not present competent evidence rebutting the certified tax statements or otherwise demonstrating that they had timely paid their taxes. Instead, the Property Owners alleged that the exigencies of the COVID-19 pandemic had prevented them from obtaining documentation

---

[1]     4085 Westheimer Holdings, Ltd.; Highland Village Shopping Ctr.; 2706 Suffolk Holdings Ltd.; 3994 Westheimer Holdings Ltd.; and Highland Village Limited Partnership.

evidencing timely payment but that they had "confirmed with their accountants" that their taxes had been "timely paid." The district court denied HCAD's plea.

We hold that HCAD presented competent evidence that the Property Owners failed to substantially comply with Chapter 42's prepayment requirement and that the Property Owners failed to rebut this evidence or otherwise raise a genuine issue of material fact to preclude the district court from granting HCAD's plea to the jurisdiction. Accordingly, we reverse the district court's denial of HCAD's plea and render judgment dismissing the suit for lack of subject matter jurisdiction.

## Background

The Property Owners own the Highland Village Shopping Center, a mixed-use shopping center on Westheimer Road in Houston, Texas. The Shopping Center is within the jurisdiction of and annually appraised by HCAD.

After receiving the 2019 appraisal for the Shopping Center, the Property Owners filed a notice of protest with the Harris County Appraisal Review Board (ARB). The ARB conducted a hearing on the Property Owners' protest but did not reduce the appraised value of the Shopping Center. The Property Owners appealed to the district court, challenging the appraised value of the Shopping Center under Chapter 42 of the Tax Code. *See* TEX. TAX CODE §§ 42.01 (Right of Appeal by Property Owner), 42.21 (Petition for Review).

3

HCAD responded by filing a plea to the jurisdiction, arguing that the district court lacked subject matter jurisdiction because the Property Owners failed to substantially comply with the prepayment requirement of Section 42.08 of the Tax Code. Section 42.08 provides, as relevant here, that "a property owner who appeals" a final order of the ARB "must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date" or otherwise "forfeit[] the right to proceed to a final determination of the appeal." *Id.* § 42.08(b). The district court denied HCAD's plea.

The material facts of this appeal are largely procedural and mainly concern whether and if so when each side presented evidence of the extent to which the Property Owners complied with the prepayment requirement of Section 42.08. It is undisputed that the delinquency date was February 1, 2020.

### *Before the delinquency date, the Property Owners file suit*

On August 30, 2019, the Property Owners filed their petition for review. The Property Owners alleged that they had timely met all jurisdictional prerequisites to filing their petition and that they had intended to satisfy Section 42.08's prepayment requirement by paying the portion of taxes not in dispute by the delinquency date.

### *After the delinquency date, the Property Owners file a motion to compel mediation, and HCAD files a plea to the jurisdiction*

On March 5, 2020, more than a month after the delinquency date, the Property Owners filed a motion to compel mediation under Section 42.226 of the Tax Code. *See id.* § 42.226 ("On motion by a party to an appeal under this chapter, the court shall enter an order requiring the parties to attend mediation."). The Property Owners did not allege or present evidence showing that they had timely paid the portion of taxes not in dispute or otherwise satisfied Section 42.08's prepayment requirement.

On March 11, 2020, HCAD filed a plea to the jurisdiction and response in opposition to the Property Owners' motion to compel mediation. HCAD argued that the district court lacked subject matter jurisdiction because the Property Owners had failed to pay any amount of their taxes by the February 1 delinquency date.

In support of its plea, HCAD attached copies of tax payment records of the Harris County Tax Assessor-Collector's Office for the subject property as of March 11, 2020, which showed the Property Owners had not paid any amount of their 2019 property taxes as of that date.

HCAD also attached copies of two emails, dated February 28, 2020, and March 6, 2020, respectively, from HCAD's counsel to the Property Owners' counsel. In the emails, HCAD's counsel requested that the Property Owners provide HCAD with "proof of timely payment of taxes." HCAD's counsel explained that HCAD needed such proof to determine how it would respond to the Property

Owners' motion to compel mediation. The Property Owners did not respond to HCAD's request for proof of timely payment.

HCAD argued this evidence proved that the Property Owners had failed to comply with the prepayment requirements of Section 42.08 and that the trial court lacked subject matter jurisdiction, including jurisdiction to grant the Property Owners' motion to compel mediation.

On March 20, 2020, the Property Owners filed a response to HCAD's plea to the jurisdiction and a reply to HCAD's response to their motion to compel mediation. The Property Owners alleged that they had "confirmed with their accountants that the property taxes for the subject property were timely paid." The Property Owners also attached screenshots from the Harris County Tax Assessor-Collector's "Search Delinquent Accounts" website, which stated there was "No data available!" for the accounts of the subject property. The Property Owners asserted that these screenshots showed their accounts were not delinquent.

***HCAD's plea is submitted, and shortly thereafter both sides file supplemental briefing and evidence***

On March 23, 2020, at 8:00 a.m., HCAD's plea was submitted to the district court.

Roughly seven hours later, at 3:11 p.m., HCAD filed a supplement to its plea, to which it attached six copies of Certified Delinquent Tax Statement Detail sheets

6

from the Tax Assessor's Office showing that the Property Owners had failed to pay any amount of their 2019 property taxes by the delinquency date.

About an hour-and-a-half later, at 4:28 p.m., the Property Owners filed a verified response to HCAD's supplement. The Property Owners reiterated that they had "confirmed with their accountants that the property taxes for the subject property" had been "timely paid." And they again attached screenshots from the Tax Assessor's "Search Delinquent Accounts" webpage stating there was "No Data Available" for the accounts for the subject property. They also alleged, for the first time, that the exigencies of the COVID-19 pandemic had prevented them from "provid[ing] more direct and specific evidence" of their alleged compliance with Section 42.08(b)'s prepayment requirement:

> Plaintiffs' counsel experienced difficulty contacting Plaintiffs' representative due to office closures and limited staff due to safety measure[s] implemented in response to COVID-19. As such, Plaintiffs have had limited opportunity gathering affidavits, proof of payment, and other documentation showing timely payment of property taxes. Plaintiffs fully intend to file such documentation in its supplemental filings as soon as this information is available. If after Plaintiffs' counsel is able to adequately confer with Plaintiffs' representative regarding the timely payment of property taxes and supporting documentation it is discovered that the property taxes were not timely paid, Plaintiffs will likely file a motion dropping this litigation on its own accord. Plaintiffs respectfully request this matter be removed from the submission docket so that this determination be made.

The Property Owners never obtained a ruling on their request to remove HCAD's plea from the submission docket. Nor did they object to the district court's failure to rule on their request.

### *The district court denies HCAD's plea, and HCAD appeals*

On March 26, 2020, the district court signed an order denying HCAD's plea.

On April 17, 2020, HCAD filed a notice of accelerated interlocutory appeal from the district court's March 26 order denying its plea.

After HCAD filed its notice of appeal, both sides continued to file pleadings and evidence in the district court, which they invite us to consider in resolving this appeal. We decline their invitation, however, as it is well-established that we cannot consider evidence that was not before the district court at the time it made its ruling. *E.g.*, *City of Houston v. Miller*, No. 01-19-00450-CV, 2019 WL 7341666, at *2 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, no pet.) (mem. op.).

## Discussion

HCAD argues that the district court erred in denying its plea to the jurisdiction because it presented competent evidence proving the Property Owners failed to pay any amount of their property taxes by the delinquency date or otherwise satisfy Section 42.08's prepayment requirement, and the Property Owners failed to present contrary competent evidence or otherwise raise a genuine issue of material fact to

preclude the dismissal of their suit. The Property Owners respond that their evidence did in fact raise a fact issue precluding dismissal.

## A.    Applicable law

Each year, the county appraisal district appraises all property that is taxable in the district and notifies each property owner of the appraised value of its property and the amount of taxes due. *See* TAX §§ 23.01 (Appraisals Generally), 25.01 (Preparation of Appraisal Records), 25.19 (Notice of Appraised Value). If the property owner is dissatisfied with the appraised value of its property, it may file a protest with the appraisal review board under Chapter 41 of the Tax Code. *See id.* § 41.41 (Right of Protest). After receiving the protest, the ARB conducts a hearing on the protest and, once a determination is made, enters a written order. *See id.* §§ 41.45 (Hearing on Protest), 41.47 (Determination of Protest). The property owner may then appeal to the district court from the ARB's written order under Chapter 42. *See id.* §§ 42.01 (Right of Appeal by Property Owner), 42.21 (Petition for Review).

Section 42.08 establishes a jurisdictional prerequisite to the district court's subject matter jurisdiction to determine the property owner's appeal. *Grimes Cty. Appraisal Dist. v. Harvey*, 573 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Under Section 42.08, the property owner must pay some amount of

9

the taxes due before the statutory delinquency date.[2] TAX § 42.08(b) (requiring taxpayer to pay lesser of amount of taxes not in dispute, current amount of taxes due before delinquency date, or amount of taxes imposed in preceding tax year). If the property owner fails to pay any portion of the taxes due by this date, then, with certain exceptions, the property owner forfeits its right to judicial review. *Id.*; *Welling v. Harris Cty. Appraisal Dist.*, 429 S.W.3d 28, 32 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

This prepayment requirement serves two primary objectives: (1) to ensure that property owners do "not use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax"; and (2) to "assure that the activities of the local governments which relied on ad valorem taxes would not be unduly impeded by granting the property owner the right of judicial review." *U. Lawrence Boze' & Assocs. v. Harris Cty. Appraisal Dist.*, 368 S.W.3d 17, 27 (Tex. App.— Houston [1st Dist.] 2011, no pet.) (quoting *Mo. Pac. R.R. Co. v. Dallas Cty. Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex. App.—Dallas 1987, no writ)).

**B.    Standard of review**

Because it is a jurisdictional prerequisite, a property owner's compliance with Section 42.08 may be challenged by a plea to the jurisdiction. *Harvey*, 573 S.W.3d

---

[2]    Unless certain exceptions apply, the statutory delinquency date for payment of property taxes is February 1. TAX § 31.02(a).

10

at 433. The district court decides a plea to the jurisdiction by reviewing the pleadings as well as any evidence relating to the jurisdictional inquiry. *Storguard Invs., LLC v. Harris Cty. Appraisal Dist.*, 369 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2012, no pet.). If the evidence creates a fact question regarding the jurisdictional issue, then the district court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Conversely, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the district court rules on the plea to the jurisdiction as a matter of law. *Id.*

We review the district court's ruling on the plea de novo, construing the pleadings liberally in favor of the plaintiff while considering the pleader's intent. *Storguard Invs.*, 369 S.W.3d at 610.

## C.   Analysis

### 1.   HCAD presented evidence showing that the Property Owners failed to substantially comply with the Tax Code's prepayment requirement.

As the party seeking dismissal for lack of subject matter jurisdiction, HCAD bore the burden to establish that the Property Owners did not substantially comply with Section 42.08. *Welling*, 429 S.W.3d at 33. To meet its burden, HCAD presented three items of evidence.

11

First, HCAD presented copies of tax payment records of the Harris County Tax Assessor-Collector's Office, which showed that the Property Owners had not paid any amount of their 2019 property taxes as of March 11, 2020—almost six weeks after the February 1 delinquency date. On appeal, the Property Owners contend these records were unverified and thus inadmissible. But the Property Owners fail to support their contention with any argument or authority. *See* TEX. R. APP. P. 38.1(i) (appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *RE/Max of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997, no writ) (if appellant's brief fails to support issue with argument and appropriate citations to authority and record, appellant waives issue for appellate review). More fundamentally, the Property Owners failed to timely assert or obtain a ruling on this objection in the district court. *See Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 782 (Tex. 2017) ("Generally, to preserve a complaint for appellate review: (1) a party must complain to the trial court by a timely and specific request, objection, or motion that complies with applicable evidentiary, procedural, and appellate rules; and (2) the trial court must rule or refuse to rule on the request, objection, or motion."); *see also* TEX. R. APP. P. 33.1 ("Preservation; How Shown"). We hold these records constitute competent evidence properly presented to and considered by the district court.

Second, HCAD presented certified tax statements from the Tax Assessor's Office, which likewise showed that the Property Owners paid no amount of their 2019 property taxes by the delinquency date. On appeal, the Property Owners complain that these statements were untimely filed after the submission of HCAD's plea and not properly before the district court when it made its ruling. But like their objection to the tax payment records, the Property Owners failed to timely assert or obtain a ruling on their objection to the tax payment statements in the district court. *See* TEX. R. APP. P. 33.1; *Samson Expl.*, 521 S.W.3d at 782. And while HCAD did file the statements shortly after the submission of its plea, the district court did not make its ruling until several days later. We hold these statements constitute competent evidence properly presented to and considered by the district court.

Third, HCAD presented two emails, dated February 28, 2020 and March 6, 2020, respectively, in which HCAD requested that the Property Owners provide proof of timely payment of their property taxes. The record contains no evidence and does not otherwise reflect that the Property Owners responded to HCAD's requests. Thus, the emails corroborate the Tax Assessor documents, further indicating the Property Owners failed to timely pay their taxes.

We hold that, by presenting this evidence, HCAD met its burden to establish the Property Owners did not substantially comply with Section 42.08's prepayment requirement.

**2. The Property Owners failed to present evidence rebutting HCAD's evidence or otherwise raising a genuine issue of material fact as to whether they complied with the Tax Code's prepayment requirement.**

Because HCAD met its initial burden, the burden shifted to the Property Owners to present contrary competent evidence or otherwise raise a genuine issue of material fact as to whether the Property Owners substantially complied with the Tax Code's prepayment requirement. *Miranda*, 133 S.W.3d at 228.

In an attempt to meet their burden, the Property Owners filed a response and verified supplemental response to HCAD's plea. The Property Owners contend these filings contain three items of evidence raising a genuine issue of material fact: (1) the Property Owners' verified allegations that they timely paid their taxes, (2) screenshots from the Harris County Tax Assessor-Collector's "Search Delinquent Accounts" website stating there is "No data available!" for the Property Owners' accounts, and (3) the Property Owners' counsel's verified statement that the exigencies of the COVID-19 pandemic prevented the Property Owners from obtaining documentary evidence of timely payment of their property taxes. We consider each item of evidence in turn.

We begin with the Property Owners' verified allegations. In their verified response, the Property Owners generally alleged that they had "timely paid their property taxes prior to the delinquency date" and more specifically alleged that they had "confirmed with their accountants that the property taxes for the subject

14

property were timely paid." But they did not support these allegations with affidavits from their accountants or other competent evidence. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."). Thus, the allegations are conclusory and insufficient to rebut HCAD's evidence or otherwise raise a genuine issue of material fact precluding dismissal of their suit. *See Hall v. Bean*, 416 S.W.3d 490, 494 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("[C]onclusory statements . . . are not competent summary-judgment evidence.); *see also Miranda*, 133 S.W.3d at 226–28 (evidence reviewed under traditional-summary-judgment standard).

We now consider the screenshots from the Harris County Tax Assessor-Collector's "Search Delinquent Accounts" website. The screenshots state there is "No data available!" for the Property Owners' accounts. The Property Owners contend this statement, generated in response to a search of their accounts, shows their accounts were not delinquent, which, in turn, shows they timely paid their taxes. We disagree.

The screenshots do not affirmatively state that the Property Owners' accounts are current or otherwise not delinquent. Nor do they affirmatively state that the Property Owners timely paid their taxes. There is no indication that the Tax Assessor denotes timely payment of taxes by stating there is "no data available" for the

15

account. Read most naturally, the phrase "no data available," generated in response to a search on the Tax Assessor's website, means there is no evidence of the account's status—i.e., no evidence of whether the account is current or delinquent. So by stating there is "no data available" for the Property Owners' accounts, the screenshots do not indicate the status of the Property Owners' accounts or whether the Property Owners timely paid their property taxes for the 2019 tax year. Like the Property Owners' verified allegations, the screenshots are insufficient to rebut HCAD's evidence or otherwise raise a genuine issue of material fact precluding dismissal of their suit.

Finally, we consider the verified statement of the Property Owners' counsel. The Property Owners' verified response contained counsel's statement that the exigencies of the COVID-19 pandemic prevented the Property Owners from obtaining documentation showing they had timely paid their taxes. But the disruption caused by the pandemic does not itself raise—or relieve the Property Owners of their burden to raise—a genuine issue of material fact.

It might have been a sufficient ground for a continuance of the hearing on HCAD's plea to the jurisdiction, which the Property Owners requested in their verified response to HCAD's supplement. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) ("The trial court may order a continuance of a summary judgment hearing if it appears 'from the affidavits of a party opposing the

16

motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition.'") (quoting TEX. R. CIV. P. 166a(g)); *McKinney v. HP Fannin Props., L.P.*, No. 14-18-00589-CV, 2019 WL 7371998, at *2 (Tex. App.—Houston [14th Dist.] Dec. 31, 2019, no pet.) (mem. op.) (party's failure to file motion for continuance or affidavit explaining need for further discovery before hearing on summary-judgment motion waived any complaint concerning need for additional discovery). But the Property Owners never obtained a ruling on or objected to the district court's failure to rule on their request. *See* TEX. R. APP. P. 33.1(a)(2).

We hold the Property Owners failed to present evidence raising a genuine issue of material fact as to whether the Property Owners substantially complied with the Tax Code's prepayment requirement.

### 3. The district court erred in denying HCAD's plea.

In sum, by presenting competent evidence showing that the Property Owners did not pay any amount of their property taxes by the February 1 delinquency date, HCAD met its burden to establish that the Property Owners did not substantially comply with Section 42.08. The burden then shifted to the Property Owners to present contrary competent evidence or otherwise raise a genuine issue of material fact as to whether they substantially complied with Section 42.08. The Property Owners failed to meet their burden. Therefore, we hold that the district court erred in denying HCAD's plea.

**4.** **The proper disposition is to render judgment dismissing the suit for lack of subject matter jurisdiction.**

Normally, when, as here, the district court denies the appraisal district's plea to the jurisdiction, but the record evidence affirmatively negates jurisdiction, the proper disposition is to reverse the district court's ruling and render judgment dismissing the appeal. *See Miranda*, 133 S.W.3d at 228. The Property Owners nevertheless urge us to remand for further proceedings. They contend their verified supplemental response shows that the exigencies of the COVID-19 pandemic prevented them from obtaining documentation evidencing timely payment of their taxes before the district court made its ruling. The Property Owners further contend that, had HCAD not filed this appeal and thus triggered an automatic stay of the proceedings below, *see* Tex. Civ. Prac. & Rem. Code § 51.014(c), they would have already filed evidence of timely payment in the district court. For these reasons, the Property Owners contend a remand is the more fair and just disposition. We disagree.

A motion for continuance was the proper mechanism for requesting relief from the pandemic's adverse effect on the Property Owners' ability to obtain and present evidence in response to HCAD's plea to the jurisdiction. *See* Tex. R. Civ. P. 251, 252. In their verified response to HCAD's supplement, the Property Owners requested that the hearing on HCAD's plea "be removed from the submission docket" to afford counsel additional time to obtain and review documentation evidencing timely payment of their taxes. The Property Owners stated that counsel

18

had "experienced difficulty" in "contacting" them because of pandemic-related office closures and staff reductions. But they did not specify whose offices had been closed (theirs or counsel's) or which staff members were not available. Nor did they explain how or why these pandemic-related measures made it difficult for them to communicate with or provide documentary evidence to counsel. *See* TEX. R. CIV. P. 252 (movant must state it "used due diligence to procure" evidence and "cause of failure" to obtain evidence); *see also West v. SMG*, 318 S.W.3d 430, 443 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("The affidavit or motion must describe the evidence sought, state with particularity the diligence used to obtain the evidence, and explain why the continuance is necessary."); *Blake v. Lewis*, 886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no writ) ("general allegations" are "not enough" to support discovery-related continuance motion).

Likewise, the Property Owners failed to explain how or why counsel could not "procure" evidence of timely payment from another "source." TEX. R. CIV. P. 252. And they failed to comply with various other requirements for requesting a discovery-related continuance, such as stating that "the continuance [was] not sought for delay only, but that justice may be done." *Id.*; *see In re Marriage of Harrison*, 557 S.W.3d 99, 117 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("When a motion for continuance does not comply with the rules, e.g., when the motion is

unwritten or unsupported by verified facts, appellate courts generally presume the trial judge did not abuse its discretion in denying the motion.").

Further, the Property Owners never obtained a ruling on their request to remove the hearing on HCAD's plea from the submission docket. Nor did they object to the district court's failure to make a ruling. *See Direkly v. ARA Devcon, Inc.*, 866 S.W.2d 652, 656 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) ("To preserve error on a trial court's refusal to grant a motion for continuance, the movant must obtain the trial court's ruling."); *see also* TEX. R. APP. P. 33.1(a)(2)(A).

We hold that the proper disposition is to reverse the district court's ruling and render judgment dismissing the appeal.

## Conclusion

We reverse the district court's order denying HCAD's plea to the jurisdiction and render judgment dismissing the Property Owners' petition for review for lack of jurisdiction.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

20